58    409
113a  ¹185

## The Illinois Central Railroad Co.

### *v.*

### Jonathan R. Hall *et al.*

1.  COMMON CARRIERS—*liability for loss of stock in course of transportation.* In an action against a railroad company to recover for the loss of hogs which escaped from the cars while in the course of transportation, it appeared the bill of lading provided that the hogs shipped should be taken care of by the owner, and the company should not be liable for loss of hogs by jumping from the cars, except it should occur by reason of a collision of trains, or when cars were thrown from the track. The hogs in question were shipped in cars belonging to another company, and selected by the plaintiff, he refusing to use the cars of the defendant: *Held*, if the hogs escaped from these cars by reason of any defect in them, or of the door fastenings, the defendant would not be responsible if the company did not know the fact when the plaintiff selected them.

2.  MEASURE OF DAMAGES—*loss of stock by common carrier.* Where it is sought to recover for the loss of hogs which escaped from the cars while in course of transportation on a railroad, if it usually took twenty-four hours to get a car of hogs from the place of shipment to the place of destination, and the hogs were started from the place of shipment in the evening of a certain day, then the price of hogs at the place of destination on the next day after such shipment, should not be taken into consideration as the basis for the calculation of damages.

3.  EVIDENCE—*hearsay.* In such case, hearsay evidence of the number of hogs delivered by the owner at the place of destination, is not admissible.

APPEAL from the Circuit Court of DeWitt county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action on the case brought by Jonathan R. Hall, James DeLand and ·Edward DeLand, against the railroad company, to recover for the loss of a number of hogs, which it was alleged escaped from the cars in the course of transportation on the defendant's road. A trial resulted in a verdict and judgment in favor of the plaintiff. The company appealed.

Messrs. MOORE & WARNER, for the appellant.

Mr. E. H. PALMER, for the appellees.

Per CURIAM : The bill of lading signed by these parties was the contract between them, and that provides that defendant shall not be liable for loss of hogs by jumping from the cars, and that they are to be taken care of by the owners, except it should be occasioned by a collision of trains, or when cars are thrown from the track in the course of transportation. The car from which the hogs fell or jumped, by reason of the door being opened, was a car of the Michigan Central railroad, selected by one of the plaintiffs, he refusing to use the cars of the defendant. If hogs escaped from these cars by reason of any defect in them, or of the door fastenings, the defendant would not be responsible if it did not know it when plaintiff selected them.

The 3d instruction given for plaintiffs was, therefore, erroneous. There is no proof, whatever, of gross negligence or carelessness in the management of this car.

The following instructions asked by the defendant should have been given—it was error to refuse them :

" The court instructs the jury, that they must reject all hearsay evidence of the number of hogs delivered by Hall at Chicago. That it was Hall's duty to count them himself, or have them counted by some person at Chicago, and if they were counted by any other person than Hall, then the evidence of the man who counted the hogs should have been given to the jury.

"If the jury believe, from the evidence, that it usually took 24 hours to get a car of hogs from Clinton to Chicago, and that the hogs in the declaration mentioned were started from Clinton in the evening of the different days, then they will not take into consideration the price of hogs in Chicago on the next day after such shipment, as the basis of their calculation of damages.

"If the jury find from the evidence that plaintiffs sent for cars of the Michigan Central Railroad Company, in which to ship their hogs, then the plaintiffs take all the risk of damage their hogs might receive by reason of said cars being unsafe, or the doors thereof in bad order, and if the jury find from the evidence that some of plaintiffs' hogs did get out of said Michigan Central cars, by reason of said cars being unsafe, or the doors thereof insecure, then they will find for the defendant on all counts claiming damage for hogs jumping from such cars."

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*