COOPER, administrator, *et al. vs.* LOCKETT.

1. The amendment was proper; it did not add a new cause of action, but simply gave more certainty to that already brought.
2. Discrepancy between attachment and levy as to whose possession property was in, immaterial after replevy.

Amendment.     Attachment.     Levy and sale.     Before Judge CRISP.     Sumter Superior Court.     October Adjourned Term, 1879.

Lockett sued out an attachment against Cooper, as administrator of the estate of Braswell, and W. L. Fowler, on the following note:

"$145.00.                    AMERICUS, GA., January 22d, 1876.

"On the first day of November next I promise to pay to order of myself at Bank of Americus, $145.00, with interest at twelve per cent. per annum from date if not promptly paid, and ten per cent. of the amount for attorneys' fees for collecting, which the parties to this contract agree to pay, and they waive and renounce their right to homestead and exemption in their property as against this contract, for value received, and I hereby give a mortgage on the gray mule for which this note is given to secure.

(Signed)                    J. P. COOPER, adm'r.
                           W. L. Fowler."

"Credited November 24th, 1876, $50.00."

The affidavit alleged that the note was given for a mule,

and that it was then in the possession of Cooper and Fowler.

At the appearance term plaintiff filed a declaration in the ordinary statutory form of complaint.

The remaining facts, so far as material, appear in the opinion.

GUERRY & SON, for plaintiffs in error.

E. G. SIMMONS; B. P. HOLLIS, for defendant.

HAWKINS, Justice.

In this case a complaint in attachment and at common law were called for trial at the October adjourned term of the superior court of Sumter county, when the defendants demurred to plaintiff's declaration, and moved to dismiss both on the ground that there was no sufficient cause of action set forth in said declaration, because the note sued on was defective and of no effect in this, that the said note was made " payable to the order of myself," and there was no indorsement thereon by either of the defendants or any other person whatever ; and the attachment and levy on the further ground, that while it was alleged in said affidavit that the mule, the consideration of the note, was purchased by and was in the possession of John P. Cooper and W. L. Fowler, the levy was made upon a mule as the property of J. P. Cooper, as administrator of Braswell, deceased, and not otherwise ; and also on the ground that the declaration did not correspond with the levy and affidavit, or the latter with each other. The court overruled all the grounds of demurrer and objection to each and all of said papers, and passed an order allowing plaintiff to amend his declaration in attachment by charging that the note attached to his original declaration was signed by J. P. Cooper, administrator, and W. L. Fowler, and was given for the purchase money of the mule mentioned in said note; since the making of said note said J. P. Cooper and said W. L. Fowler have re-

cognized their obligation to pay this note, and said Cooper has since the signing of said note paid to plaintiff the sum of fifty dollars, and directed same to be credited on said note, which was done; and that when said note was signed by said parties it was delivered to said plaintiff, and the plaintiff delivered the mule at the time said note was so made and delivered, and he says further that he cannot read, that it was the intention of all the parties to make the note payable to plaintiff, and plaintiff accepted and received the said note, believing that it was a note payable to him, and that the mule mentioned in the note is the same levied on, etc.   Defendants having filed their plea, the case was passed to the subsequent adjourned term of the court in January following.   Defendants filed exceptions *pendente lite* to the judgments of the court overruling their several demurrers and motions, which were approved and ordered of record.   At the subsequent adjourned term the case was tried.   Plaintiff tendered his note referred to in evidence, which was objected to on the ground that the same was defective and not a sufficient cause of action.   The court overruled defendants' objection, and allowed the same to be introduced in evidence. The jury returned a verdict for plaintiff, and judgment was entered thereon; whereupon defendants filed their bill of exceptions assigning as error said judgment of the court allowing the introduction of said note as evidence, and to all the rulings of the court set forth as error in the exceptions *pendente lite* heretofore referred to.

1. We think the court committed no error in allowing the amendment; it was not adding a new and distinct cause of action, but expressed the cause of action with more certainty, it appearing in the body of the paper sued on that the same was given for a mule, and also was a mortgage upon the mule.   See Code, §§3479, 3480.

2. As to the discrepancy between the attachment and the levy, that the attachment described the mule as in the possession of Cooper & Fowler, and the levy described it as

being in the possession of Cooper as administrator, we deem immaterial after replevy.

Judgment affirmed.