BROACH *vs.* KELLY.

The action being upon a promissory note, the declaration is not amendable by alleging that the plaintiff holds an absolute deed to certain land as security for the note, and that the defendant holds the plaintiff's bond to reconvey the land on payment of the debt, and by adding a prayer to enforce the debt against the land. The contract sought to be brought in by the amendment, to-wit, that in the deed and bond, is not identical with that contained in the note sued upon, but is altogether distinct ; for which reason it is not proper matter for amendment to the declaration.

Amendment. Actions  Before Judge LAWSON. Jones  Superior Court.  April Term, 1880.

Reported in the decision.

JOHN RUTHERFORD; JAMES T. NISBET; BACON & RUTHERFORD, for plaintiff in error.

BLOUNT & HARDEMAN ; LANIER & ANDERSON, for defendant.

CRAWFORD, Justice.

This suit was brought by Kelly, the plaintiff in the court below, against Broach, the defendant, in the common statutory form of complaint, to recover $2,337.67, besides interest, and $250.00 for counsel fees, on a promissory note, and returnable to April term, 1876, of Jones superior court. At the October term, 1877, an amendment was filed, setting forth that the note sued on was

given for money advanced to defendant, and to secure the payment of which he executed a deed to the plaintiff to 1,000 acres of land lying in Jones county, taking a bond to reconvey the same whenever the said promissory note was paid. Wherefore plaintiff prayed judgment on the note that he might have the relief provided in §1970 of the Code, and for that purpose only.

The defendant pleaded the general issue—usury—discharge in bankruptcy, and the exemption of 457 acres of this land. A verdict was rendered for the plaintiff.

The questions arising out of a subsequent motion made for a new trial, are all involved, and may be disposed of, by the judgment of the court on the plaintiff's amendment.

The plaintiff, by his original suit, alleged that the defendant was justly indebted to him in the sum of $2,-337.67, besides interest, and $250.00 for counsel fees, on a promissory note which he refused to pay. Wherefore he prayed process against him that he might appear and answer *that complaint.* He appeared and answered ; his pleas were such as the law authorized to *that suit.*

Had the issues thus formed been found for the plaintiff, the verdict must have been based on the contract specified in the promissory note, and that only. But the plaintiff, by his amendment, moved against the defendant on a new and distinct contract, under which the legal rights of the parties were totally variant. The first was an obligation to pay so much money, the last a deed to land with warranty of title. The breach of one was not the breach of both. The remedies for the breach were different, and so too of the defenses. Hence, when the amendment was allowed, the plea of discharge in bankruptcy was disallowed. The suit was brought for defendant's failure to keep his contract on the note, a discharge in bankruptcy was a legal plea, but the amendment made it an illegal plea, thus showing that the amendment was not germane, and should have been rejected.

This view is so fully sustained by the case of *Long vs.*

*Bullard,* 59 *Ga.*, 355, in which the late Chief Justice WARNER, pronounced the judgment of the court, that it was scarcely necessary to have done more than to refer to it as ruling this case.

An effort was made to analogize the ruling in the case before us with *Parish vs. Murphy,* 51 *Ga.*, 616. That was an ordinary suit upon an open account, the declaration containing two counts, one of which set forth a mechanic's lien, but both were on the *same cause of action,* and arising under *the same contract.* And it is specifically provided by law, that where the lien is recorded in time, sued in time, declared upon by setting it forth and the premises on which the claim rests, then a judgment may be awarded accordingly. If the statute under which it was insisted that the plaintiff in this case claimed·this right, provided for it, as does the other, then he would be entitled to its benefit ; in its absence he must stand on the common law. Besides, this court had the case of *Parish vs. Murphy* before it when it ruled the case of *Long vs. Bullard.*

Let the judgment below be reversed and a new trial granted.

Judgment reversed.

JACKSON, Chief Justice, concurred solely because the decision in *Long vs. Bullard,* 59 *Ga.*, 355, covers the case.