## FOKES *vs.* DeVAUGHN.

Where suit was brought by the drawee against the drawer of an instrument in the shape of a draft for advances on his crop of a specified year, payable to his own order, and with a crop lien incorporated therein, it not being indorsed, an amendment could not be made or sustained by parol proof to the effect that the instrument was intended to be a promissory note due to the drawee, not for advances but for a previous indebtedness.

Amendments. Contracts. Written instruments. Before Judge CRISP. Macon Superior Court. May Term, 1880.

Reported in the decision.

JNO. R. WORRILL, for plaintiff in error.

No appearance for defendant.

CRAWFORD, Justice.

J. E. DeVaughn sued F. H. Fokes in the statutory form of complaint upon the following written instrument:

MONTEZUMA, GA., January 15th, 1873.

$827.83. By the fifteenth day of October next, please pay to the order of myself eight hundred and twenty-seven dollars and eighty-three cents for value received, as an advance on my crop to be raised the present year (including your commission for the same), for the purchase of supplies to make said crop; and I hereby give you a lien (with authority to transfer the same) on said crop, including cotton, corn, and whatever else may be produced on my plantation the present year, and also upon my stock of all kinds, and upon the farming utensils employed and used on said plantation; and I agree to deliver to you at your warehouse, before the maturity of this draft, a sufficiency of cotton to pay the draft, which cotton you are authorized to sell at your discretion for that purpose. If I fail to pay this draft promptly at its maturity, it is to bear interest from date, and I agree to pay all costs and counsel fees incurred in its collection.

As an inducement for you to accept this draft, I state that I am not indebted to any other person or persons for like advances, and will not become so indebted without your written consent. And further, that I own in my own right, free from incumbrances of any kind, property of the value of $ ——, and my indebtedness apart from advances made by you does not exceed $ ——.                    F. H. FOKES.

*To J. E. DeVaughn.*

Upon tendering this paper in testimony, it was rejected because it was payable to the order of the drawer and not indorsed by him. The plaintiff thereupon amended his declaration by alleging, in substance, that the said instrument was intended as a promissory note, notwithstanding its form; that the same was given in payment of the indebtedness of the defendant then due and owing, and the acceptance was without consideration. That the defendant undertook and promised to pay the draft promptly at maturity, or upon failure, to pay interest from date, with costs and counsel fees. That for value received he undertook and promised to pay said draft, interest and costs with a lien on his crops and stock and farming utensils.

After this amendment, the instrument sued upon was again tendered in evidence and admitted, over the objection of defendant's counsel.

The plaintiff was introduced and was permitted to testify, over defendant's objection, to the facts set up by the amendment; that the draft was for indebtedness then due

and owing for the year 1872, and was intended as a promissory note in settlement of what the defendant then owned, and not for the further sale of goods on a credit, as he never agreed to do so and would not.

The questions made by this record are, whether the amendment was properly allowed and the testimony of the plaintiff legally admitted.

The original suit was upon a draft drawn by the defendant against the plaintiff for $827.83 payable to the order of himself, as an advance on his crop to be raised in 1873, including the drawee's commissions on the same, and for the purchase of supplies to make the crop. Included in the said draft was what is known as a lien on the crops of that year, the stock of all kinds, and the farming utensils. Incorporated therein, also, were several statements, and among them that the drawer was not indebted, and would not become so to others for like advances, without the drawee's consent.

The amendment made the case of a suit as for a promissory note, with an allegation that it was intended as such; that it was given for an indebtedness already due and owing, and not for advances to be made upon the crop to be raised in the year 1873, nor for the purchase of supplies to make the crop of that year. The whole character of the contract as set forth in the original draft is changed and a new and distinct consideration alleged. Had the original cause of action been legal, the draft would have been admissible, and a *prima facie* case made out. But being insufficient, the amendment was made, and to support that by proof the plaintiff was allowed to contradict it, and to show another and different contract.

We think that the court erred in allowing the amendment and in admitting the testimony.

Since parties to written contracts are allowed to be witnesses in their own behalf, the rule declaring that parol evidence is inadmissible to add to, take from, or vary the same, should not be relaxed.

Judgment reversed.