## WHITE vs. MOSS.

1. Neither a legal nor an equitable amendment which sets out a new cause of action and requires new parties can be made to an action at law.

(a). An action of complaint for land cannot be amended by alleging that the land belonged to an estate of which the plaintiff was a distributee; that the administrator sold it in 1864, and had it bought in for himself; that the present holder claims under the administrator, and knew of this sale, that the administrator obtained a final receipt from the plaintiff by fraudulent statements, with a prayer to set aside the sale and cancel the deeds under it.

(b). A purchase by an administrator at his own sale is voidable, not void.

2. Where suit was brought in 1880 on a cause of action which appeared by amendment to have arisen prior to June 1st, 1865, it must appear that the plaintiff was under some disability, or came within some exception to the act of 1869, and brought suit within proper time after the same was removed.

(a). Fraud in which the defendant to an action, on its face barred by the statute, was in no way concerned, will not operate as a relief from such bar.

Amendments. Equity. Aministrators and Executors. Fraud. Before Judge WILLIS. Harris Superior Court. April Term, 1881.

Reported in the decision.

PORTER INGRAM, for plaintiff in error.

JAMES M. MOBLEY; PEABODY & BRANNON, for defendant.

CRAWFORD, Justice.

The plaintiff in this case brought her action of complaint for land against the defendant in the ordinary statutory form. At the second term thereafter a paper, designated an equitable amendment, was filed.

The allegations therein were, that the father of the plaintiff died in 1861 leaving a widow and five children, two of which heirs had since died, leaving only four who were interested in the land sued for. That R. E. Kennon, who married one of the heirs, administered on the estate, and in 1864 sold the land, and procured one Hunt to buy it in for him. That the said sale was therefore void, and the defendant had knowledge of these facts. It was further alleged, that in 1866 she removed with the said Kennon to the county of Clay, and there resided with him until she became of age. He being desirous of closing up his administration upon the estate of her father, requested her to give him a final receipt in settlement of her interest therein, stating that he had nothing with which to pay her, and having faith and confidence in him she did so. Owing to her youth and her residence in the said county of Clay, she knew nothing about the manner in which the land had been sold until a short time before the filing of her action of complaint. And having no means of ever recovering anything from her father's estate, except by this equitable action against the defendant for her share in this land, she now elects to claim the same, and asks to set aside the sale as being null and void, and praying that a decree for the sale thereof be had, and that one fourth of the proceeds be paid over to her.

To this amendment the defendant demurred, and the same was sustained by the court, and the plaintiff assigns that ruling as error.

1. We hold that the demurrer was well taken for several good and sufficient reasons. The original suit asserted title in the plaintiff, whilst the amendment seeks to set up a new and distinct right of action. In this right of action was involved a sale of this land which the administrator had made sixteen years before; a receipt in final settlement of plaintiff's interest in the same; the cancellation of deeds; and a decree declaring the original sale void, ordering that another be made, and one fourth of

the proceeds be paid over to her, and all of which was to be done with no party except the defendant, who is not charged in law with meeting these new issues, and grounds of equitable right so set forth.

No amendment to a common law suit, which adds a new and distinct cause of action, or requires new and distinct parties, will be allowed. Code, §3480; 53 *Ga.*, 270; 59 *Ib.*, 357.

2. It further appears by this amendment that the cause of action arose prior to June 1st, 1865, and is therefore barred by the act of 1869, unless it had been made affirmatively to appear that the plaintiff was under disability, and that the action was commenced within the time prescribed by law after the removal of such disability, which was not done. But it is urged on the argument that the sale of the land was null and void, and therefore a fraud on the plaintiff, of which she had no knowledge until a short time before the suit was brought. Whatsoever of fraud may have been charged was not against the defendant, nor is it even alleged that there was any collusion between the administrator and Hunt, the first purchaser, to bid in the land for less than its value, or any combination or purpose to defraud her of her rights. The entire complaint rests upon the fact alone that Hunt was to buy the land for the administrator, which does not make the sale void but voidable only.

We hold that the court committed no error in sustaining the demurrer and refusing the amendment.

Judgment affirmed.