## MITCHELL *vs.* THE GEORGIA RAILROAD COMPANY.

1. Where a suit was brought against a railroad on a written contract for the shipment of live-stock, the declaration could not be amended by alleging that the agents of the railroad company procured the contract by fraud and deceit as to the capacity and construction of the car to be used in the transportation of the stock—such representations not being in the written contract sued on—and that by reason of such deception the animals were badly crowded in loading, and were seriously damaged. The first suit was on a contract; the amendment was based on a tort.

(*a.*) Especially was this the case where the contract was to be executed in the county in which the suit was brought, and the fraudulent statements and loading occurred in another county.

2. A railroad company transporting live stock may contract with the shipper for a consideration that the company shall be released from all liability for damages accruing to the stock disconnected and apart from the conduct or running of its trains, such as damages from overloading, suffocation, heat, and the like.

Actions. Amendments. Damages. Contracts. Railroads. Negligence. Before Judge LAWSON. Greene Superior Court. September Adjourned Term, 1881.

Reported in the decision.

JNO. C. HART; H. T. & H. G. LEWIS, for plaintiff in error.

JOS. B. CUMMING, for defendant.

SPEER, Justice.

The plaintiff in error brought his action against the Georgia Railroad and Banking Company for damages. He alleged that plaintiff, in consideration of the sum of thirty dollars, undertook and promised to deliver a certain car-load of hogs, 64 in number, at Union Point, on the Georgia railroad, a station on said road in Greene county. "But the defendant, unmindful of its obligations, had failed to perform their contract; but so carelessly and negligently

loaded said hogs, they being sixty-four in number and very large, by packing them on the single floor of one car, whereby they were so crowded that in consequence thereof sixteen of said hogs died from suffocation, to the damage of petitioner."

A second count in the declaration alleged that the said defendant undertaking, as aforesaid, to transport said hogs to Union Point, wrongfully, carelessly and negligently crowded 64 of said hogs on the single floor of one car, and failing to exercise proper diligence on their part to provide ample room for their transportation, sixteen of said hogs, of the value of $225.00, perished by reason of the negligent and careless conduct of the defendant, to the damage of plaintiff, etc.

To this declaration an amendment was made appending the written contract entered into between plaintiff and defendant, and in which, among other conditions, was the following, in which, for a consideration therein expressed, it was contracted : "The said owner and shipper of said hogs do hereby assume and release the said railroad from all injury, loss, and damage or depreciation which the animals, or either of them, may suffer in consequence of their being weak, or escaping, or injuring themselves or each other, or in consequence of overloading, heat, suffocation, fright, viciousness, or being injured by fire, etc., etc., while in the possession of said company, or all other damages incidental to railroad transportation, which shall not have been caused by the fraud or gross negligence of said railroad company."

Plaintiff further amended his declaration by alleging, "that the defendant, through its agents, representing they would furnish plaintiff with a suitable car, that is to say one with a double deck, and furnished at the same price, he signed the contract, and plaintiff now complains that the failure to provide said double deck car as promised is a fraud on their part, and their failure to provide suitable means for the transportation of said hogs is gross negli-

gence on their part, and that plaintiff would not have signed said contract but that the foregoing representation was made by the agents of defendant." That the defendant agreed to furnish him, before he signed said contract, with a car suitable for the transportation of stock to the amount of weight of 22,000 pounds, that the weight of said hogs was less than 20,000 pounds, and that plaintiff, relying upon said representations, had said hogs delivered to said defendant at its depot in Atlanta, Georgia, to transport as aforesaid, and said defendant, without the knowledge or consent of plaintiff, did not furnish a suitable car as promised, but on the contrary furnished a single decked car and crowded all of said hogs on one floor, thus deceiving petitioner and committing a fraud. That defendant, through its agents, undertook to load said car without assistance of plaintiff, all of which said acts in overloading said car, not providing a proper car as promised, constituted fraud and gross negligence, by which plaintiff was damaged as aforesaid—said defendant knowing that the car it furnished was not suitable for said transportation, and that crowding all the hogs on said car would endanger their lives. To this last amendment, when offered, defendant below demurred, as containing and setting forth a new and distinct cause of action, which demurrer the court sustained and said amendment was disallowed.

Defendant below then demurred to the original declaration, as amended by the written contract of transportation appended, as not setting forth any cause of action against defendant upon which plaintiff could recover, which demurrer the court sustained and dismissed said action. To both of which rulings of the court plaintiff excepted and assigns the same as error.

1. Was the court right in sustaining the demurrer to the last amendment to plaintiff's declaration on the ground stated, that it was adding a new and distinct cause of action?

The declaration as originally filed, with the written contract between the parties appended, was based upon the special contract in writing exhibited to the writ, and a breach of which was alleged on the part of the defendant, and by reason of which damage had resulted to plaintiff, and for which defendant was sought to be made liable. It is evidently an action founded upon the contract entered into between the parties, in which, for certain considerations therein expressed and under certain conditions therein set forth, defendant had agreed to transport certain hogs of plaintiff and deliver them at one of the depots on said road in Greene county for plaintiff, and which the defendant had failed to do.

An action is merely the judicial means of enforcing a right.   Code, §3251.

A civil action is one founded on private rights arising either from contract or tort.   Code, §3253.

All claims arising *ex contractu* between the same parties may be joined in the same action, and all claims arising *ex delictu* may, in like manner, be joined.   Code, §3261.

It will be thus seen that a civil action may arise from a contract or a tort. · The former may be maintained either on the breach of a written contract, a parol contract or an implied contract, in the absence of either a written or parol contract.

And so we regard the cause of action as it is set forth in the two first counts in the plaintiff's writ.   It is an action for damages arising from the breach of the written contract appended to plaintiff's writ, and is therefore in law an action *ex contractu;* all claims arising under this contract might have been joined either originally or by amendment, if they arose out of the breach of this contract.   But could a cause of action not embraced in this contract, nor arising from it, or by reason of the breach thereof, be joined by way of amendment?   We think not.

No amendment adding a new and distinct cause of ac-

tion, or new and distinct parties, shall be allowed, unless expressly provided for by law. Code, §3480.

What is the cause of action proposed by the last amendment ? It is not alleged to arise from the contract, nor upon any other contract, either written or by parol, but by reason of fraudulent representations made and deceit practiced to induce the signing of the contract first declared on; it is alleged that it existed and arose outside of the written contract. It is not alleged that in the written contract defendant agreed and promised to furnish a two decked car in which to transport these hogs ; but that he represented that this would be done, and this before the contract was signed, and that this representation was the inducement for plaintiff to sign the contract ; that by this representation he had practiced a fraud upon plaintiff by which fraud and deceit plaintiff was damaged, irrespective of and outside of the written contract.

The pleader by this amendment was seeking, therefore, to recover on the fraud practiced by defendant on plaintiff and damage resulting therefrom. Fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action. It is a tort, which is a legal wrong committed upon the person or property, independent of contract. Code, §2951. And this fraud, thus complained of, is the foundation of the last amendment to plaintiff's writ. It is not only a new and distinct cause of action proposed by way of amendment, but as declared on it is an action founded on a tort and which cannot be joined in an action founded on a contract.

While these rules are general, yet in the case of railroads, under the law there is another reason for maintaining this rule, as it involves the question of jurisdiction. Railroad companies are liable to be sued not only in any county where the cause of action originated, but also on all contracts made or to be performed in the county where the suit is brought. The suit upon the written contract, or upon the cause of action arising therefrom, as the con-

tract was to be performed in Greene county, was properly brought in that county. But what jurisdiction did that court have to maintain a suit upon a tort alleged to have been committed in Fulton county? We can see none, and regarding this proposed amendment to be action for a tort, and a new and distinct cause of action, we think the demurrer was properly sustained in disallowing the amendment.

2. The original declaration, however, was one *ex contractu*, and of it the court had jurisdiction. The complaint in this is, "that defendant undertook and promised, for a consideration, to deliver a certain car-load of hogs, the property of plaintiff, at Union Point, a depot on said road; but the defendant, unmindful of its obligations, had failed to perform their contract in this, that they so carelessly and negligently loaded said sixty-four hogs, whereby they were so crowded that sixteen of them died from suffocation." These averments set forth a cause of action, if there were nothing more; but plaintiff appends to said declaration the written contract of transportation signed by the parties, and which is a part of said declaration, and in said contract, for a consideration expressed, "the plaintiff assumes for himself and releases said railroad company from all injury, loss or damage or depreciation which the animals, or either of them, may suffer in consequence of their being weak, or escaping, or injuring themselves or each other, or in consequence of overloading, heat, suffocation," etc. The cause of action set out in the writ is therefore barred and defeated by the release of the defendant to the plaintiff in the contract for the damage done to said stock for the causes complained of in said writ.

But it is insisted with great earnestness by the plaintiff in error, through his counsel, that this stipulation in the contract is void in law, and will not be upheld as being also against public policy. This question, under a contract identical with this, was passed upon by this court in

the case of the *Georgia Railroad and Banking Company vs. Spears,* decided at the February term, 1881, of this court, 66 *Ga.,* 485.   In that case the opinion of the court was:   "We think, so far from this contract being unreasonable and against public policy, it is, on the contrary, a proper and reasonable bargain, which was but just to the railroad in view of the nature, character, and description of the freight itself."   This decision, upholding the legality of this contract, was afterwards recognized and re-affirmed in the case of the *Georgia Railroad vs. Beatie,* at the same term, and in which this court held: "A railroad company transporting live-stock may contract with the shippers, for a consideration, that the company shall be released from all liability for damages accruing to the stock disconnected and apart from the conduct or running of the trains, as from overloading, suffocation, heat and the like."

We think, therefore, there was no error in the court's sustaining the demurrer and dismissing plaintiff's writ.

Judgment affirmed.