## LEWIS & MINOR vs. HARPER, executor.

1. A draft payable to the order of the drawer and delivered to the drawees, showing on its face that it was for an advancement to make a crop, made by the drawees to the drawer, and having a blank indorsement thereon not signed by the drawer, will support a judgment and execution in favor of the drawees against the drawer, founded on a declaration in the statutory form; and in a claim case arising under such execution, the levy should not have been dismissed on motion.

(a.) The decisions in 70 Ga., 715, and De Vaughn vs. Haugabook, present term, do not necessarily conflict with that in 66 Ga., 735.

2. An action in the statutory form of complaint on such a paper could have been amended by a count for money had and received, or paid out for the use of the defendant, or other such common count; and if the action of complaint was defective, after the judgment it was cured.

February 7, 1885.

Drafts.   Actions.   Judgments.   Contracts.   Parties. Amendment.   Before Judge FORT.   Macon Superior Court. May Term, 1884.

A *fi. fa.* in favor of Lewis & Minor against George V. Hunter was levied on certain land to which Harper, executor of Drumright, interposed a claim. On the trial, on motion, the court dismissed the levy, on the ground that the pleadings were insufficient to authorize the judgment on which the *fi. fa.* was founded. These pleadings consisted of a declaration in complaint by Lewis & Minor against Hunter, on an instrument alleged to be a note, which was as follows:

"$450.00          MONTEZUMA, GA., February 19th, 1874.

"On the 15th October next, please pay to the order of myself four hundred and fifty dollars, for value received, as an advance on my present year's crops, for the purpose of purchasing provisions and other necessary supplies to enable me to make said crops.   In order to secure the said advance, I hereby give you a lien on my crops of said cotton and corn for the year 1874, and I agree to deliver to you, at your warehouse in Montezuma, Ga., at least enough of said cotton crop to pay this draft.   And I further agree that the proceeds arising

from the sales of all cotton of said crop shall be applied to the payment thereof until satisfied, without reference to date of maturity. In order to further secure said advance and the payment of all costs and counsel fees incurred in the premises, I hereby mortgage to you and your assigns my stock of all kinds on the plantation cultivated by me in Macon county, to-wit: And I hereby give you full and legal control of said crops and said mortgaged stock, waiving all right of homestead exemptions thereon, with power to transfer this lien. If not paid at maturity, to bear interest at the rate of one per cent from date thereof. Witness my hand and seal.

G. V. HUNTER, [L. S.]

"To Lewis & Minor, Montezuma, Ga.

"Executed in presence of Robert G. Lewis."

(Indorsed on back), "For value received — hereby transfer the within draft, lien and mortgage to—, their heirs and assigns."

No issuable defence being filed on oath, a judgment by default was taken and *fi. fa.* issued.

To the dismissal of the levy plaintiffs excepted.

J. W. HAYGOOD; HAWKINS & HAWKINS, for plaintiffs in error.

W. H. FISH, by brief; R. G. OZIER, for defendant.

JACKSON, Chief Justice.

This case presents the point whether an instrument, drawn by G. V. Hunter, defendant in execution, and delivered to Lewis & Minor for the payment of four hundred and fifty dollars, and payable to Hunter's own order, and on its face showing that it was an advancement to make a crop, made by Lewis & Minor to Hunter, with a blank indorsement thereon, but said indorsement not signed by Hunter, will support a judgment and execution in favor of Lewis & Minor, founded on a declaration in the statutory form, in the name of Lewis & Minor, on said instrument. The court below, on a claim case to property levied on under the execution, held that it could not, title not having passed to them in the view of that court, and the

original not being curable by amendment, and therefore, on motion of the claimant, dismissed the levy.

1. The point, even on the suit without amendment, seems decided adversely to that ruling in *Patillo vs. Mayer & Glauber*, 70 *Ga.*, 715, cited and approved in *De Vaughn vs. Haugabook*, at the present term of this court.

Nor does the decision made in 66 *Ga.*, 735, necessarily conflict with *Patillo vs. Mayer & Glauber* and *De-Vaughn vs. Haugabook*, the point there ruled being that the declaration could not be so amended as to change by parol evidence the instrument into a promissory note for past indebtedness, though the reasoning of the court in the opinion might lead a cursory reader to see conflict. The error alleged was that amendment, in the case in the 66th, and no stress was laid on the validity of the original suit, which was not passed upon directly by the judgment rendered. It is true that in *De Vaughn vs. Haugabook*, the indorsement had been signed, and of course that case differs from this in that essential particular; but in *Patillo vs. Mayer & Glauber*, there was no indorsement, and that case is cited and approved in the first named. There was no indorsement or acceptance in *Patillo vs. Mayer & Glauber*, but the name of the drawer was written across the face of the paper, and after him another party. The legal effect of that judgment, as well as its reasoning, would seem to make such a paper virtually a promissory note, or promise to pay the money to the merchants advancing supplies to make the crop of the drawer, and therefore that it might be sued directly by them.

2. Besides, if this action could have been amended so as to support the judgment, the judgment is good. Why could it not have been amended by a count for money had and received, or paid out for the use of defendant, or other such common count at common law? Complaint in the statutory form may be so amended. 54 *Ga.*, 68, and preceding cases. It is to be observed that the paper in 66th

*Ga.*, 735, was accepted by the drawee. Judge Crawford says that the amendment offered was "in substance that the said instrument was intended as a promissory note; that the same was given in payment of indebtedness of defendant then due and owing, and the acceptance was without consideration;" and in reasoning on such an amendment as this, he says that it made a new and distinct cause of action, in "that it was given for an indebtedness already due and owing, and not for advances to be made upon the crop to be raised for the year 1873, nor for the purchase of supplies to make the crop of that year," and thus that "the whole character of the contract, as set forth in the original draft, is changed, and a new and distinct consideration alleged." An amendment, to that extent under those facts, is one thing; an amendment that, under this instrument now before us, the plaintiff had advanced money to defendant for his use to make his crop, is a different thing, germane to, and accordant with, the instrument, and would have been allowed legally, and have cured any defect in the suit as brought. Therefore, if defective, it was cured, and the judgment under it was supported and valid.

Judgment reversed.