## PFEIFFER & COMPANY vs. HUNT.

1. A declaration showed that C. D. H. purchased from T., the surviving partner of the firm of T. & H., the entire property belonging to the partnership, and, as a part of the consideration, agreed to assume all of the liabilities of the firm, and to pay, in addition, a certain sum of money. The suit was brought on a note made by T., as principal, and H., as security. A copy of the note and agreement was appended, and it was alleged that the note was given for merchandise sold to the principal and surety while in business together, and that the defendant having bought out the business and assumed the liabilities, became liable to pay the note, the plaintiff releasing the makers from all liability:

*Held*, that the declaration was demurrable for want of privity between the plaintiff and the defendant.

2. There was nothing in the declaration to amend by. Had there been, an amendment could not be made, setting forth an indebtedness by the defendant to the plaintiff on the written contract, whereby it was alleged that the defendant undertook and obligated himself to pay all indebtedness of a certain business, conducted by T. & H. before the date of the obligation, and that a certain promissory note, payable to the plaintiff for a certain sum of money, made by T., as principal, and H., as security, and due at a date named, was one of the liabilities of the business that defendant agreed to pay, but which he had not paid. This introduced a new and distinct cause of action.

November 17, 1885.

Actions. Privity. Contracts. Partnership. Amendment. Before Judge WILLIS. Muscogee Superior Court. May Term., 1885.

Reported in the decision.

HATCHER & PEABODY, for plaintiffs in error.

PEABODY & BRANNON, for defendant.

HALL, Justice.

This was a suit against C. D. Hunt to recover from him the amount of a note made by Truett, as principal, and J. T. Hunt, as his security. It appears that the defendant pur-

chased of Truett, as the surviving partner of a firm composed of himself and said T. J. Hunt, the entire property belonging to the partnership, and as a part of the consideration, agreed to assum e all the liabilities of the firm, including the goods purchased by one Beard, their agent, and in addition to the assumption of these liabilities, he was to pay to both Beard and themselves a further sum of money. To the declaration copies of the note and agreement were appended. It was distinctly alleged that the defendant was indebted to the plaintiff upon a note given to him by Truett, as principal, and J. T. Hunt, as security, which note was for merchandise sold to them while in business together in Columbus, and that the defendant, having, on December 1st, 1881, bought out their business and assum ed, in writing, their obligations as partners, became liable to pay the note, the plaintiff releasing the makers of the same from all liability to him. To this declar ation the defendant demurred, for want of privity in law or by contract between himself and plaintiff. Plaintiff then offered to amend by setting forth defendant's indebtedness to him on the written contract made on the 1st of December, 1881, whereby it was alleged he undertook and obligated himself to pay all indebtedness of a certain business conducted by Truett and J. T. Hunt, before the date of said obligation, and that a certain promissory note, payable to plaintiff, for a specified sum of money, made by Truett, as principal, and J. T. Hunt, as his security, and due at a named date, was one of the liabilities of the business that defendant agreed to pay, but which he had not paid. This amendment was refused, because it introduced new and distinct parties and a new and distinct cause of action. The demurrer to the suit, as originally brought, was then sustained, and the plaintiff assigns error (1st) in sustaining the same, and (2d) in rejecting the amendment offered. We think both rulings correct.

1. The plaintiff was no party to the agreement between the defendant and Truett, as the surviving partner of

Truett & Hunt. There was no understanding between Truett and the plaintiff that the latter should accept the defendant as his debtor, nor was the defendant ever consulted about such arrangement, and it does not appear that he ever agreed to become bound for Truett as to this particular debt, which, on its face, appears not to have. been a firm debt, but an individual debt of Truett, for which his late partner became bound as his security. For aught that appeared on the face of the papers sued on, there was no privity in law or by contract between the parties to this suit. *Empire State Ins. Co. vs. Collins,* 54 *Ga.,* 376; *Sapp vs. Faircloth,* 70 *Ga.,* 690. Had the defendant agreed to assume Truett's debt to plaintiff, and had Truett given his consent thereto, this would have extinguished the debt, and have established a complete privity, both by law and contract, between the parties to the suit.

2. This, in its original form, was a suit against a party that it was sought to substitute for the principal debtor and his security. The amendment offered charged the defendant as having undertaken to pay the debt, which the plaintiff alleged was due to him from the firm of Truett & Hunt. The suit, as first brought, was held insufficient upon demurrer, and was dismissed. There was nothing in the pleadings to amend by (Code, §3479); but had there been enough in them to engraft an amendment on, that offered was not germane; it introduced, if not a new and distinct party, at least a new and distinct cause of action (Code, §3480, and citations), and was therefore properly disallowed.

Judgment affirmed.