## N. & A. F. Tift *vs.* Keaton.

1. Where the defendant in a bill in equity filed an answer in the nature of a cross-bill, praying relief against the complainants, the latter could not dismiss the bill so as to defeat any rights which the defendant might have under the cross-bill.

2. Where suit was brought on a promissory note, and the presiding judge granted an order or judgment that "there being no issuable defence filed, ordered that the plaintiffs have leave to enter up judgment against the defendant," signed by the presiding judge, this, construed with the pleadings in the case, was, in effect, a judgment for the plaintiff for the amount sued for in the declaration, and was sufficient.

(a) Where such an order authorized the plaintiff's attorney, who was an officer of court, to enter the judgment, and it was so entered by him, this was, in effect, the action of the court itself, and was a sufficient compliance with the requirement of the constitution of 1868, art. 5, sec. 3, par. 3, which provides that the court shall render judgment without the verdict of a jury in all cases founded on contract, where no issuable defence is filed on oath.

(b) Where such a judgment was rendered in 1869, and an execution issued thereon was levied on certain property, to which certain parties interposed a claim, but subsequently withdrew it and filed a bill, but in neither case attacked the validity of the judgment, but subsequently sought to dismiss the bill, and upon the trial of a cross-bill filed by the plaintiff in *fi. fa.*, which was heard in 1886, moved to dismiss the levy on the ground that the judgment was invalid, it was too late for them to do so, and they were estopped therefrom.

3. It appearing that the property levied on and claimed had been sold

and the money appropriated by the claimants, and that it was more than sufficient to pay the claim of the plaintiff in *fi. fa.*, a decree rendered in his favor against the claimants for the amount due him was proper.

February 26, 1887.

Practice in Superior Court. Judgments. Constitutional Law. Estoppel. Claims. Actions. Before Judge BOWER. Dougherty Superior Court. April Term, 1886.

Reported in the decision.

R. HOBBS ; D. H. POPE, for plaintiffs in error.

C. B. WOOTEN, for defendant.

BLANDFORD, Justice.

B. O. Keaton brought his action in Dougherty superior court against George C. Robinson, as principal, and W. J. Vason, as security, upon a promissory note. At the June term, 1869, the judge of the superior court granted this order or judgment: " There being no issuable defence filed, ordered that the plaintiffs have leave to enter up judgment against the defendants, " signed by J. M. Clark, J. S. C. S. W. C. The plaintiff's counsel thereupon entered up and signed a formal judgment in favor of the plaintiff against William J. Vason, security, for the amount mentioned in said note, with interest and costs. An execution issued upon this judgment against William J. Vason, as security for G. C. Robinson, for the amount of said note; the sheriff having returned " not to be found," as to Robinson. This execution was levied upon six bales of cotton as the property of Vason. The Tifts interposed a claim for the same, and at the term of the court at which the claim case was to be tried, the Tifts withdrew their claim to this cotton ; and thereupon they filed their bill, in which they alleged that as commission merchants they had advanced to Vason a large sum of money to make his crop for the year in which the cotton was made, and that they

had taken a lien upon the crop of Vason of that year as security for their advances; and they claimed that their right to be repaid out of the cotton was superior to the rights of Keaton as plaintiff in execution; and they therefore prayed that an injunction issue to restrain Keaton from bringing an action against them on account of their having made said claim and withdrawn the same.

This case came on for a hearing, and the complainants moved to be allowed to dismiss their bill, which the court disallowed, and allowed the defendant to go on to trial on his answer, and retained the bill for all purposes necessary for the assertion of the legal rights of the defendant, the defendant by his answer having prayed a decree against the Tifts for the amount of the execution and judgment, it being alleged that the cotton which had been claimed by the Tifts had been sold by them, and the amount appropriated by them to their own use, and was more than sufficient to pay the judgment of Keaton; and this refusal to allow the complainants to dismiss said bill is the first error assigned. The Tifts then moved to dismiss the levy upon the grounds (1) that there was no sufficient judgment; (2) because the execution issued in the case was against Vason, as security for G. C. Robinson, whereas the judgment was against Vason as security. The court overruled this motion, and this is the next error assigned. And thereupon, the case being submitted to the court without the intervention of a jury, a judgment was rendered in favor of the defendant, Keaton.

1. We are of the opinion that the court ruled right in refusing to allow the complainants, the Tifts, to dismiss their bill; and the same was properly retained by the court for the purposes mentioned. The answer of the defendant was a cross-bill, and the complainants in the original bill could not dismiss that bill so as to defeat any rights which the defendant might have under the cross-bill.

2. We are of the opinion that the order of the judge of the superior court in the case of *Keaton vs. Vason*, allow-

ing the plaintiff's attorney to enter up judgment in favor
of the plaintiff against the defendant, was itself a sufficient
judgment.  Construing this order with the pleadings in
the case, it was a judgment for the plaintiff for the amount
sued for in the declaration, and was sufficient for that pur-
pose.   (2) We think that this order of the court, authoriz-
ing the plaintiff's attorney, who was an officer of the court,
to enter the judgment, and the judgment having been en-
tered by him, it was, in effect, the action of the court itself.
We think that was a sufficient compliance with the re-
quirement of the constitution of 1868, article v, sec. III,
paragraph III, which provides that the court shall render
judgment without the verdict of a jury in all cases founded
on contract, where no issuable defence is filed on oath.
(3) We think that the plaintiffs in error were estopped to
deny the validity of this judgment, under the facts and cir-
cumstances of this case, first, because they had interposed
a claim when the levy was first made, and had withdrawn
the same; secondly, because the bill in this case filed by
the plaintiffs in error made no attack upon this judgment,
but treated the same as a valid judgment.   The judgment
having been made in 1869, there was no attack made upon
it until 1886, when the case came on for hearing.   We
think, therefore, it was too late, nothing else appearing,
for the plaintiffs in error to now insist that there was no
judgment in this case.   See 20 *Ga.* 50.

3. Inasmuch as it appears by the bill filed by the plain-
tiffs in error, and the answer of the defendant, Keaton, that
the property levied on and claimed had been sold, and the
money appropriated by the plaintiffs in error, and that the
same was more than sufficient to pay the claim of Keaton
against Vason, a decree rendered in favor of Keaton *vs.*
the Tifts for the amount of this claim was proper.

So we affirm the judgment of the court below in this
case.