Barron *vs.* Walker.

---

## BARRON *vs.* WALKER.

1. In an action upon account, the bill of particulars as well as the declaration representing an account arising between plaintiff and defendant, the declaration is not amendable by alleging that the plaintiff sues as transferee of a third person. An account arising between such third person and the defendant is a different cause of action from that declared upon.
2. The written assignment of an account, the writing not being declared upon, is not admissible in evidence without due proof of its execution.

February 3, 1888.

Actions. Amendment. Assignment. Evidence. Before Judge HARRIS. City court of Macon. June term, 1887.

Reported in the decision.

HARDEMAN & DAVIS, by brief, for plaintiff in error.

WHITFIELD & ALLEN, by J. H. LUMPKIN, J. T. NISBET, and P. W. EDGE, *contra*.

BLECKLEY, Chief Justice.

Walker brought an action against Barron upon an account. The declaration was in the short statutory form, and annexed to it was an account for one-half the rent of certain specified land for two years. This bill of particu-

lars made the defendant, Barron, debtor to Walker, the plaintiff. When the case came on for trial, an amendment to the declaration was allowed, the effect of which was to represent the plaintiff as a transferee, holding from three certain persons, in respect to this account for rent. In the progress of the trial a written assignment of the account from these three persons to the plaintiff was offered in evidence, without being anywhere mentioned in the pleadings. It was attested by two witnesses. Its introduction was objected to by the defendant, upon the ground that neither of the subscribing witnesses was produced. Neither of them was produced or accounted for. The court overruled the objection and admitted the writing in evidence. The jury found a verdict for the plaintiff. The defendant made a motion for a new trial on several grounds, including, as one of them, the allowing of the amendment to the declaration; and as another, the admission of the written assignment in evidence without due proof. The motion for a new trial was denied.

1. The objection to the amendment was that it introduced a new cause of action; and we think it did so clearly. The declaration was founded upon an alleged contract between the plaintiff and the defendant, and it was a good declaration for recovery on such a contract. It set forth an account in favor of the plaintiff in a way to import that that account was contracted with him by the defendant; and the declaration as it originally stood would have upheld an action in favor of the plaintiff against the defendant upon an account between themselves. Had that declaration been proved, there would have been no difficulty in upholding a recovery upon it. The amendment brought in an entirely different cause of action, one based on an account contracted by the defendant, not with the plaintiff, but with three persons who were entire strangers to the action. It involved necessarily a different contract from that indicated, or from any contract that could have been indicated, by the original declaration; and we think

Barron *vs.* Walker.

the court erred in allowing the amendment. The account was assignable, according to section 2244 of the code; and if it had been declared upon as an account in favor of these assignors, and the assignment had been set forth, of course the action would have been well brought in the beginning.

2. We also think the court erred in admitting the written assignment without proof of it by one or both of the subscribing witnesses, and without accounting for their absence. The writing was involved in the title of the plaintiff, suing as transferee. Had he brought his action as transferee in the beginning, he would have had to prove the assignment in order to recover—certainly so unless he declared upon it and set it forth. Without the assignment there was no privity between him and the defendant. The writing was therefore not merely incidentally involved, as contemplated by section 3837 of the code, but was directly involved, in making out the plaintiff's title to recover against the defendant on the account, even if the action had been brought correctly. So that we hold the court erred in overruling the motion for a new trial.

Judgment reversed.

*Note.*—The cases on the subject of amending declarations with new matter, decided since the last General Index of the Georgia Reports, are the following:

Cases holding a proposed amendment not allowable: *Martin vs. G., J. & S. R. R.*, 78 *Ga.* 307; *Lamar vs. Russell*, 77 *Ga.* 307; *Parmelee vs. S., F. & W. R. R.*, 78 *Ga.* 238; *Norris vs. Pollard*, 75 *Ga.* 359; *Pfeiffer vs. Hunt*, 75 *Ga.* 513; *Vaughan vs. McDaniel*, 73 *Ga.* 97; *Bell vs. Central R. R.*, 73 *Ga.* 520; *Skidaway Shell Road Co. vs. O'Brien*, 73 *Ga.* 655; *Henderson vs. C. R. R.*, 73 *Ga.* 718; *Ford vs. Clark*, 72 *Ga.* 760; *Roberts vs. Insurance Co.*, 71 *Ga.* 478; *Mitchell vs. Georgia R. R.*, 68 *Ga.* 644; *White vs. Moss.*, 67 *Ga.* 89; *Broach vs. Kelly*, 66 *Ga.* 148; *Hall vs. Waller*, 66 *Ga.* 483; *Hart vs. Henderson*, 66 *Ga.* 568; *Fokes vs. DeVaughn*, 66 *Ga.* 735; *Andrews vs. Pogue*, 62 *Ga.* 176.

Cases holding a proposed amendment allowable: *Harris vs. Central R. R.*, 78 *Ga.* 525; *Oelrich vs. Georgia R. R.*, 73 *Ga.* 389; *Lewis vs. Harper*, 73 *Ga.* 564; *Rice vs. Caudle*, 71 *Ga.* 605; *Western Union Telegraph Co. vs. Shotter*, 71 *Ga.* 760; *Turner vs. W. & A. R. R.*, 69 *Ga.* 827; *A. & S. R. R. Co. vs Dorsey*, 68 *Ga.* 228; *Georgia R. R. vs. Thomas*, 68 *Ga.* 744; *Cooper vs. Lockett*, 65 *Ga.* 702; *Anderson vs Pollard*, 62 *Ga.* 46.