LEONARD, Respondent, vs. WHITCOMB and another, Receivers, Appellants.

*March 23 — April 7, 1897.*

*Carriers of live stock: Liability for defective cars.*

It is the absolute duty of a railroad company as a carrier of live stock to furnish cars which are suitable therefor, on reasonable notice from a shipper. If a car is furnished which is unsuitable, having defects which are not obvious nor such as an ordinary person would be likely to discover by inspection, yet which would be discovered by a reasonably careful inspection by an experienced person, the carrier will not be relieved from liability for an injury to an animal shipped in such car, arising from its defects and the failure of the carrier to exercise ordinary care in respect to its suitableness, by the fact that the shipper examined and accepted such car, unless he did so with full knowledge of its defects; nor will an agreement by the shipper to assume the risk of such an animal injuring itself during the shipment, caused by a want of ordinary care on the part of the carrier, and also all risk of insecurity in the floor of the car, relieve the carrier, such a contract being void.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

This was an action to recover damages for injuries to a horse shipped over defendants' road. Plaintiff applied to defendants' station agent for a car in which to transport his horses from Portage to Glidden, this state. Such agent designated a car for such purpose. Just what took place between the plaintiff and the agent respecting the car does not definitely appear, but the evidence tends to show that

the former was requested to examine the car, and see if it was safe for his purpose, and that thereupon he made an examination, to see if there were any holes in the floor, or projecting nails, and to see that the doors were secure, and that, not observing any defects in that regard, he accepted the car, and placed his stock therein. In the course of the shipment, one of the horses broke through the floor and was injured. It was claimed by plaintiff that such breaking happened by reason of the floor being defective, and on defendants' part it was claimed that such breaking was caused by the viciousness of the animal. It was also claimed as a defense that the shipment was made under a written contract, by which, among other things, it was agreed that, in consideration of reduced rates, plaintiff should assume the risk of the horse injuring himself during the shipment, caused by want of ordinary care on defendants' part; also, that it contained an agreement that plaintiff would, among other things, assume all risk of insecurity in the floor of the car. The jury found in favor of the plaintiff, and assessed his damages at $100. Judgment was rendered accordingly, and, such proceedings having been duly taken before judgment as were necessary to preserve defendants' exceptions for review, this appeal was taken from such judgment.

For the appellants there was a brief by *Howard Morris* and *Thomas H. Gill*, and oral argument by *Mr. Gill*. They argued that the plaintiff was bound by his contract by which he took on himself the risk of inspection, and released the defendants from all damages except for gross negligence or wilfulness. Such contracts are valid. *Abrams v. M., L. S. & W. R. Co.* 87 Wis. 485; *Ill. Cent. R. Co. v. Hall*, 58 Ill. 409; *Harris v. N. J. R. Co.* 20 N. Y. 232; *Chicago & N. W. R. Co. v. Van Dresar*, 22 Wis. 512; *Wilson v. N. Y. C. & H. R. R. Co.* 27 Hun, 149; *East Tenn., V. & G. R. Co. v. Johnston*, 75 Ala. 596. The plaintiff was guilty of contributory negligence in not taking precautions against

dangers arising from sharp calks on such a heavy, nervous, uneasy horse. *Evans v. Fitchburg R. Co.* 111 Mass. 142.

*C. T. Bundy,* for the respondent, to the point that the carrier could not by contract avoid liability for a loss occasioned by its negligence or failure to perform duties incident to its employment, cited *Welsh v. P., Ft. W. & C. R. Co.* 10 Ohio St. 65; *Railroad Co. v. Lockwood,* 17 Wall. 377; *Abrams v. M., L. S. & W. R. Co.* 87 Wis. 485.

MARSHALL, J. The court admitted evidence respecting the inspection which plaintiff made of the car before loading. This was objected to by defendants' counsel, on the ground that the written contract required plaintiff to inspect the car, and to assume the risk of defects in the floor, if there were any. This involves the question, whether the stipulation by which the plaintiff, in form, assumed the risk of defects in the car, is valid and binding upon him. There is some conflict of authority, more apparent than real, respecting the validity of such stipulations; but the real principle involved has been settled in this court, and is not open to review. Railroads are common carriers of live stock, with the attendant common-law duties and liabilities respecting carriage of property generally by such carriers, subject to some restrictions and liabilities arising out of the instincts, habits, propensities, wants, necessities, vices, or locomotion of the animals. *Ayres v. C. & N. W. R. Co.* 71 Wis. 372; *Abrams v. M., L. S. & W. R. Co.* 87 Wis. 485. Such duties and responsibilities require railroad companies to furnish suitable cars for the transportation of live stock on reasonable notice so to do, and render such companies responsible for damages for negligence in that regard. Contracts exempting such companies from the consequences of such negligence are void. *Abrams v. M., L. S. & W. R. Co., supra; Loeser v. C., M. & St. P. R. Co.* 94 Wis. 571.

Why the stipulation in the written contract in question, re-

quiring plaintiff to examine the car, and assume the risk of its suitableness, does not come within the condemnation of the foregoing, is not perceived. Numerous authorities are cited by counsel for defendants to support the contention that a shipper may assume the responsibility of the suitableness. of a car furnished for his use, but a careful examination of the same shows that they are not applicable to the facts of this case. *Ill. Cent. R. Co. v. Hall*, 58 Ill. 409, was a case where the shipper refused to use the defendant's car and furnished one belonging to another road. The exemption from liability was placed on the ground that the defendant did not furnish the car, or agree to, but only to haul it over the road; hence the defect complained of was not one contracted against by the company. In *Squire v. N. Y. C. R. Co.* 98 Mass. 239, damages from suffocation and overloading were stipulated against; and the court held the stipulation valid, the fact being that the plaintiff's agent caused the stock to be loaded as they were, and observed the overloading and want of proper ventilation of the car before the transit commenced, and, in effect, agreed to have such transit commence and continue nevertheless. In *East Tenn., V. & G. R. Co. v. Johnston*, 75 Ala. 596, the stipulation was against damages from dangers known to and acquiesced in by the shipper, that had nothing to do with the suitableness of the car or the management of it. The court in effect held that the duty to furnish suitable cars was absolute, and that contracts. limiting the common-law responsibilities for loss or injury caused by the carrier, or by its own negligence, are void. To the same effect are *Mitchell v. Ga. R. Co.* 68 Ga. 644, and *Harris v. N. I. R. Co.* 20 N. Y. 232. In the latter case the shipper selected the car. Nevertheless, the defendant was held liable, the evidence not showing that the shipper had actual notice of the defects that caused the injury. The court held, in effect, that the defendant was responsible for the suitableness of the car, and that it was the duty of its.

agent to examine the car, and to call the shipper's attention to all defects which a reasonably careful inspection by a competent person in that line of work would disclose; that, unless such defects were open and obvious, a failure of the agent so to do was the failure of the company, and constituted actionable negligence, for which a recovery could be had, notwithstanding the inspection and acceptance of the car by the plaintiff. Numerous other cases may be cited to the same effect. They are in entire harmony with *Galveston, H. & S. A. R. Co. v. Silegman* (Tex. Civ. App.), 23 S. W. Rep. 298; *Gulf, C. & S. F. R. Co. v. Trawick,* 80 Tex. 270; and *Hunt v. Nutt* (Tex. Civ. App.), 27 S. W. Rep. 1031, which distinctly hold that a railway company cannot by contract avoid the consequences of its negligence, and cannot release itself from the responsibility of furnishing suitable cars, by stipulating that the risks of defects shall be assumed by the shipper.

From the foregoing we deduce the following: It is the duty of a railroad company, as a common carrier of live stock, to furnish suitable cars therefor, on reasonable notice so to do from a person desiring to transport such stock over its road; that this duty is absolute, and a contract exempting it from liability for damages arising from unsuitableness of cars so furnished, attributable to a failure on its part to exercise ordinary care, is void; that if a car be furnished having defects rendering it unsuitable, which defects are not obvious or such as may be presumed that an inspection by an ordinary person will bring to his knowledge, and yet are such that a reasonably careful inspection by a person experienced in such business will lead to their discovery, an inspection and acceptance of the car by the shipper will not save the carrier harmless from damages caused by such defects, unless it be shown that they were actually pointed out to the shipper, and that he accepted the car with full knowledge of their existence.

The foregoing conclusion renders it unnecessary to consider other questions presented on the appeal. They fall with the contention that plaintiff was bound by his acceptance of the car, pursuant to the contract of carriage. The jury found, under proper instructions, that the car was unsuitable, and that a reasonably careful examination of the same would have brought the defects to the attention of the company. Such defects were not obvious or of such a character that they would ordinarily be discovered by an inspection by an inexperienced person. The station agent was the instrumentality selected by the company to designate the car for plaintiff's use; hence it was his duty to see that it was suitable for such use. The charge of the learned circuit · judge, to the effect that it was the duty of the agent to inspect the car, and to discover all the defects which a proper inspection would disclose, and that his neglect so to do was the negligence of the company, was proper.

No other question presented by the appeal appears to require special notice.

*By the Court.*— The judgment of the circuit court is affirmed.