NEVIUS, Respondent, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Appellant.

*February 2—February 21, 1905.*

*Railroads: Carriage of live stock: Injury from defect in car: Contract accepting car: Knowledge of defect: Court and jury.*

1. A stipulation, in a contract for the carriage of live stock, whereby the shipper accepts the cars furnished by the carrier and acknowledges that they are sufficient and suitable in every respect, does not relieve the carrier from liability for injury resulting from its negligence in supplying unsuitable or defective cars.

2. The question whether plaintiff's agent knew, or was chargeable with knowledge, of a defect in the car in which plaintiff's horses were shipped, is *held*, upon the evidence, to have been one for the jury.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action for injury, necessitating the killing of plaintiff's horse, resulting from a defective condition of the freight car in which such horse was shipped. The shipping receipt contained stipulation that:

"The said shipper hereby accepts for transportation and acknowledges and admits the cars furnished by the railroad company to be sufficient and suitable cars in every respect for the shipment of said stock. . . . The car wherein the said stock is to be carried having been tendered to said shipper by the said railroad company for that purpose, the said shipper hereby agrees that such car . . . fit and proper for the purposes of such transportation."

At the close of the evidence defendant moved for a direction of verdict, which was denied, and upon a verdict in favor of the plaintiff judgment was entered, from which defendant brings this appeal.

For the appellant there was a brief by *Tomkins, Tomkins & Garvin,* and oral argument by *W. M. Tomkins.*

For the respondent the cause was submitted on a brief by *E. C. Alvord* and *H. E. Edwards.*

DODGE, J. The only error assigned is the refusal to direct a verdict for defendant. That is supported by contention that the defect in the car was so open and obvious that plaintiff's agent who loaded the horses must be conclusively presumed to have known of it, and, so knowing, was guilty of such contributory negligence as to preclude recovery; also that, because of such knowledge, plaintiff was bound by the stipulation in the shipping receipt accepting the car and assuming any risks from its condition. The inefficacy of such stipulation to relieve a carrier in case of negligence in supplying un-

suitable cars is well established by our decisions. *Abrams v. M., L. S. & W. R. Co.* 87 Wis. 485, 58 N. W. 780; *Loeser v. C., M. & St. P. R. Co.* 94 Wis. 571, 69 N. W. 372; *Leonard v. Whitcomb,* 95 Wis. 646, 70 N. W. 817. We need not discuss it. It suffices for the present case to say that we cannot agree with appellant's contention that plaintiff's agent must be presumed to have known of the defect in the car. That consisted of an old break of longitudinal boards such as to leave a hole near the car door about three feet long and six to seven inches wide. The agent testified he had no opportunity to inspect the car, as he had to load the horses in a hurry while the train was waiting, and that he had no knowledge of such or any defect. It does not appear whether the pieces of boards whose absence caused the hole were wholly displaced at the time of loading, nor that the horses were loaded on that side of the car, nor that the car was so situated that the side opposite from the loading chute was accessible for inspection. With such facts it surely is not beyond reason to credit the agent's denial of knowledge, or to hold such ignorance consistent with ordinary care. Hence those questions were properly for the jury. Since they have been resolved in favor of plaintiff, we need not consider whether a different finding would have constituted a defense.

*By the Court.*—Judgment affirmed.