## 15740. COMMERCIAL CREDIT COMPANY *v.* GRANT, sheriff.

In the absence of proof of execution, the court did not err in refusing to admit in evidence the conditional contract of sale with the attached note and entries of transfers.

           DECIDED NOVEMBER 12, 1924.

Money rule; from Habersham superior court—Judge J. B. Jones. April 28, 1924.

*J. C. & H. E. Edwards, Ryan S. Moore,* for plaintiff.

*Robert McMillan,* for defendant.

BLOODWORTH, J. A Ford car was sold by the sheriff under a judgment rendered in condemnation proceedings. The Commercial Credit Company, by petition for a rule against the sheriff, claimed the proceeds of the sale, "by reason of the conditional contract of sale which defendant holds as transferee." The bill of exceptions recites that "when said case was called for trial both parties announced ready for trial and agreed for the court to try the case without a jury. The movant, Commercial Credit Company, through and by its attorney, tendered in evidence a certain contract, note

attached thereto, together with certain entries of transfer on the backs of said papers, which contract retained the title to a certain automobile, the sale of which was the basis of the said rule, which documents were objected to by respondent's attorney on the grounds that they were not attested by or probated by a notary public and recorded, and that the execution of said contract, note and transfers had not been proved, and the court sustained the objections and refused to admit the said documents in evidence, and, there being no other or further evidence offered, passed an order deciding said issue in favor of the respondent."

There was no error in the ruling of the court. Plaintiff's case was based upon the note and contract and the transfer thereof. These writings were not merely incidentally involved, but were necessary to make out the plaintiff's case. There were subscribing witnesses to the contract, and these were not called. Indeed, no effort whatever was made to prove the execution of any of the papers offered by the plaintiff, and they were not admissible in evidence without proof of their execution as required by law. Civil Code (1910), § 5833; *Barron* v. *Walker*, 80 *Ga.* 121 (2), 123 (2) (7 S. E. 272); *Baker* v. *Massengale*, 83 *Ga.* 137 (1), 142 (1) (10 S. E. 347); *Thornton* v. *Martin*, 116 *Ga.* 115 (5) (42 S. E. 348); *Equitable Mfg. Co.* v. *Davis*, 130 *Ga.* 71 (3) (60 S. E. 262).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*