KENNEDY & MORROW, for use, etc., plaintiffs in error, *vs* J. J. VANDIVER, defendant in error.

Where suit was brought in complaint in the statutory form of pleading, on an account for coal, the items of which account were set out in a bill of particulars, and a special contract, in writing, embracing the same subject matter of the account was tendered in evidence and rejected, and plaintiff then moved to amend by setting out the special contract, and the court refused to allow the amendment made, but non-suited the plaintiff, with leave to move to reinstate the case, and the motion to reinstate was made and refused:

*Held,* that the amendment should have been allowed, and the motion to reinstate granted on that ground.

Pleadings. Amendment. Before Judge UNDERWOOD. Floyd Superior Court. January Term, 1875.

Reported in the opinion.

SMITH & BRANHAM; HAMILTON YANCEY, for plaintiff in error.

C. ROWELL, for defendant.

JACKSON, Judge.

This was a suit brought by the plaintiffs against defendants on an account under the statutory form of pleading. The account was for coal furnished defendants by the plaintiffs. The plaintiffs tendered in evidence a written contract touching the coal, setting out the terms of sale. The testimony was objected to, and the objection sustained. Plaintiffs then moved to amend by adding a count and setting out the written contract. The amendment was refused, and plaintiffs excepted.

A non-suit was awarded, with leave to move to reinstate the case. The motion to reinstate was made on the ground, among others, of the refusal to allow the amendment; the court refused to reinstate, and this is the error complained of.

The court should have allowed the amendment, and therefore should have reinstated the case. The statutory form may be amended, as has been repeatedly ruled by this court. The

last ruling thereon is the case of *Akin vs. The Ordinary of
Bartow*, 54 *Georgia Reports*, 59   That case covers this.
   Let the judgment be reversed.