BRIGHT *v.* THE CENTRAL CITY STREET RAILROAD CO.          88   535|
                                                         106   234|

Where property is under the control of the court, in the hands of a receiver, and a creditor of the defendant intervenes by petition *pro interesse suo*, the petition is amendable at any stage of the proceeding so as to develop all the material facts out of which the substantial rights of the petitioner as a creditor arose. Where the claim set forth originally was a promissory note given by an officer of the corporation after the receiver was appointed, an amendment setting forth the consideration of the note, and the contract under which that consideration was realized by the company before the receiver was appointed, is allowable.

February 15, 1892.

Amendment. Debtor and creditor. Promissory note. Before Judge MILLER. Bibb superior court. November adjourned term, 1890.

Reported in the decision.

JAMES L. ANDERSON, for plaintiff.

HARDEMAN, DAVIS & TURNER, for defendant.

LUMPKIN, Justice.

Upon the petition of Blair *et al.* in behalf of themselves and such other creditors as might be made parties, the property of the Central City Street Railroad

Company was placed in the hands of a temporary receiver. Bright was made a party to the case on his own petition in the nature of an intervention, in which he alleged that the defendant was indebted to him upon a promissory note, the consideration of which as recited therein was "value received as commission on loan" to defendant. This note was executed and delivered to Bright after the appointment of the receiver, but was given for a debt which had accrued before that time. On the day of the hearing to determine whether or not a permanent receiver should be appointed, Bright offered to amend his intervention by alleging in detail the facts showing how his debt against the company was created, and that the note when made was simply an acknowledgment of a pre-existing debt, and given to liquidate the amount thereof. No formal action was then taken on this offered amendment, but it seems to have been treated as duly filed and made. The court passed an order discharging the temporary receiver, but allowing the petition to proceed as an ordinary suit as to the contested and unsettled claims therein set forth against the company. The claims of Bright and one other creditor were the only ones left. When the case came on to be tried before the jury, Bright again asked leave to amend his intervention by alleging in still greater detail the facts concerning his claim, including averments that the note was not given in payment or settlement for his services rendered the company, but merely as an acknowledgment of its indebtedness to him for services rendered and performed before the appointment of the receiver, and praying judgment for the principal and interest due him on the contract for those services. The amendment was refused on the ground that the original petition set out no cause of action and contained nothing to amend by, and a demurrer to the intervention was then sustained for the reason that plaintiff Bright

could not proceed upon a note made by the defendant after its property was placed in the hands of a receiver. The question is, should the court have allowed the amendment, and, in consequence, have overruled the demurrer? It has been repeatedly held by this court that a suit upon a note, even in the short statutory form, can be amended by a count for money had and received, or other count, provided the original cause of action be adhered to. *Akin* v. *Ordinary*, 54 *Ga.* 68; *Kennedy* v. *Vandiver*, 55 *Ga.* 171; *Lewis* v. *Harper*, 73 *Ga.* 564. See also *Hardee* v. *Lovett*, 83 *Ga.* 203. The case at bar falls fully within the sections of our code relating to amendments, as construed in the decision of this court in *Ellison* v. *Georgia R. R.*, 87 *Ga.* 691, delivered by Chief Justice BLECKLEY. Special attention is called to the language used on pages 708, 712 and 714. What is there said is precisely applicable to the facts of the case now before the court. The effect of defendant's contention is that the alleged cause of action arose after the appointment of a receiver, that the giving of the note was the creation by the defendant of a new debt while under restraint of the court, and was therefore a void contract, and consequently the intervention based upon the same set forth no cause of action. The amendment offered by the plaintiff shows that the cause of action—the services done by plaintiff for defendant under contract, which constituted the consideration of the note sued on—arose prior to the appointment of the receiver, and that the note was given merely as an acknowledgment of the debt. This amendment makes it quite plain that the plaintiff's cause of action was valid and good in law, and his intervention as amended should not have been dismissed. Under the liberal principles announced in the *Ellison* case, this intervention could not have been void, if it was founded upon a valid cause of action and a manifest attempt was made to set forth this cause of

action in the intervention as originally filed. Had no amendment been offered, it might have been said with some force that no *complete* cause of action was set up, because it would not appear that the debt was actually contracted prior to the appointment of the receiver. But "in the light of what is alleged in the declaration compared with what is alleged in the amendment," a good and complete cause of action appears. " The two sets of allegations harmonize so as to be parts of one and the same sufficient design, and so as to fill out that design, and render it as complete on paper as the law requires it to be." There can be no doubt that the original declaration and the amendments offered refer to one and the same cause of action—that cause of action which from the beginning was in the pleader's mind, and which he wished and intended to prosecute by suit to judgment. Although this cause of action may have been badly described at first, so as to appear to have little or no life, it is made completely alive by the proposed amendment. Under the ruling in the case last cited, "A cause of action is indestructible by any such means as incomplete description. On the contrary, it remains so absolutely alive that without the least change in itself, a proper supplement to the description will set the whole business right." It follows from the foregoing that the rejection of the proposed amendment was manifest error. If it had been allowed, the plaintiff's case was in proper condition to proceed to judgment, after proof establishing the allegations of his petition. *Judgment reversed.*