7304. CAMP & CAMP *v.* INTERSTATE CHEMICAL COMPANY.

HODGES, J. 1. The contract in evidence showing that the account sued upon was transferred to the bank as collateral, there was no reason in law why the plaintiff could not proceed as such, or sue for the use of the bank holding the contract as collateral.

2. The amendment showing in detail how the goods were sold to the dedefendants was a mere elaboration of the petition, and was properly allowed by the court. *Kennedy* v. *Vandiver*, 55 *Ga.* 171; *Bright* v. *Central City Street R. Co.*, 88 *Ga.* 535 (15 S. E. 12) ; *Tumlin* v. *Bass Furnace Co.*, 93 *Ga.* 594, 598 (20 S. E. 44).

3. The motion for a continuance on account of surprise is without merit, in that it did not show how and wherein the party was surprised. Civil Code, § 5714. This court will not reverse the judgment of the trial judge on such a motion, unless he abuses his legal discretion.

4. Parol evidence will not be received to alter or vary the terms of a written contract, unless such evidence shows a new and subsequent contract to the written contract.

5. The court did not err in directing a verdict in favor of the plaintiff.
                                                   *Judgment affirmed.*
                    DECIDED JULY 11, 1916.

Complaint; from city court of Floyd county—Judge Nunnally. December 18, 1915.

In October, 1914, the Interstate Chemical Company sued Camp & Camp on an open account. At the trial there was a motion to dismiss the action because the evidence showed that the title to the account was in the First National Bank of Rome. The plaintiff then offered an amendment alleging that the suit was for the use of that bank,—that on January 29, 1914, the plaintiff, being indebted to that bank in a stated sum, entered into a written contract with the bank (a copy of which was exhibited), by which the plaintiff transferred the account in question to the bank as security for the plaintiff's indebtedness. The court allowed the amendment, over the objection that it added a new

party defendant. The bill of exceptions recites that "when this amendment was allowed, the defendants, through their attorneys, stated that they were not ready to go on with the trial of the case, and that the nature of the case was a changed motion, and they wanted to file a special demurrer to the declaration as amended and investigate the facts connected with the amendment and the First National Bank's relation to the case." The court declined to continue the case. At the conclusion of the evidence the defendants moved a nonsuit because no right of action was shown in the Interstate Chemical Company at the time the suit was brought and no amount was shown to be due at the time the account was transferred to the bank. The plaintiff then offered an amendment as follows: "The First National Bank of Rome, Georgia, hereby relinquishes any and all lien or claim of title to the claims of account involved in this suit, and acknowledges that the title thereto is in the Interstate Chemical Company, and asks that its name be stricken as party plaintiff in this case." The court allowed this amendment, over the objection that it could not cure the defect of want of title in the plaintiff at the time the suit was brought. Error was assigned on each of the rulings stated above, as well as upon other rulings dealt with in the decision of the Court of Appeals.

*Eubanks & Mebane,* for plaintiff in error.

*Dean & Dean, L. H. Covington, J. P. Jones,* contra.