PERSONS *v.* McKIBBEN.

*A.* executed a note to *B.* for a specific sum, to be paid to *C.*, or credited on *C.'s* note, which *A.* then held. A memorandum was subjoined to the note, that if *C.* should not complete for *B.* a certain job of work, according to a plan submitted, then *A.* was to be bound to *B.* for the note. *C.* having performed a part of the work, died before its completion. In a suit by *B.* against *A.*, after *C.'s* death, upon the note, *held*, that *A.* was entitled to a credit to the amount of the value of *C.'s* work.

The ratification of the assignment of a note made by an agent without proper authority, will relate back to the period of the assignment.

A party has a right, within reasonable limits, to introduce negative evidence.

A judgment will not be reversed, though evidence was improperly excluded from the jury, where the verdict is substantially sustained by the evidence.

RRROR to the *Vermillion* Circuit Court.

STUART, J.—Debt by *Persons* against *McKibben*, on the following sealed note:

"$325. On or before the first day of *March* next, for value received, I promise to pay *John L. Persons* three hundred and twenty-five dollars, which is to be paid to *Jonathan Beasley*, or credited on said *Beasley's* note which I now hold. As witness my hand and seal, *November* 16, 1847. *Thomas McKibben*, [seal]."

Underneath was this memorandum:

"If the aforesaid *Beasley* does not complete a certain job of work according to a plan submitted to him by *John L. Persons*, then said *McKibben* is bound to said *Persons* for the above note. As witness my hand and seal, *November* 16, 1847. *Thomas McKibben*, [seal]."

The pleader avers that the job of work referred to in the writing obligatory, was digging a mill-race and excavating a tunnel, according to certain plans and specifications submitted by *Persons* to *Beasley;* that a reasonable time had elapsed for completing the work, yet that meanwhile *Beasley* had died, leaving the work unfinished.

The pleadings, modeled on the old system, extend to rejoinders and surrejoinders. As the demurrers filed do not remain for decision, no question is raised on the sufficiency of the pleadings.

The issues were submitted to a jury. Verdict and judgment for *McKibben* for 123 dollars and 50 cents. The evidence is made part of the record in the proper mode. *Persons* brings the case to this Court.

In his defence *McKibben* claimed the value of the work done by *Beasley* on the mill-race; also three notes made by *Persons* and assigned by the payees to *McKibben.* On these claims the judgment in favor of the latter over and above the sealed note is predicated.

The main question presented relates to the work of *Beasley.* Before discussing that, it will be proper to dispose of the questions arising out of the other parts of the defence.

*McKibben,* as the assignee of *Baxter,* held a note against *Persons.* The assignment was denied under oath. It seems this note had been placed in the hands of *Welty,* an attorney, &c., for collection. *Welty* assigned it to *McKibben* thus: "*J. S. Baxter* by *D. Welty.*" To prove the assignment, *Baxter* was introduced. He testified that *Welty* was authorized to collect, but not to transfer the note; that when witness first heard of the assignment, he refused to ratify it; but that afterwards, at the instance of *McKibben,* it was ratified; and that the indorsement was in the handwriting of *Welty.*

The note was assigned *March* 9, 1849; this suit was commenced *March* 17, 1849; and the ratification was in *May* or *June* following.

This is sufficient to entitle *McKibben* to the benefit of the set-off. The ratification related back to the time of the assignment, and necessarily included the act of *Welty,* with all its circumstances and incidents. Until plea pleaded denying the assignment under oath, the note was *prima facie* a good set-off in the hands of *McKibben,* and but for that plea, would have remained good. The plea merely put upon *McKibben* the proof of the assignment, and did not change his rights or relative position to *Baxter* or *Persons.* The note, with the assignment thus ratified, was properly admitted.

The next question relates to the *Iles* note, payable in

lumber or sawing. It was the joint and several note of *Persons* and one *Mondy*. The evidence of *Iles*, the payee, tended to prove that he had made demand of *Persons*, one of the makers of the note. *Mondy* was offered as a witness to prove that there had been no demand. The record shows he was objected to and the objection sustained. The evidence, at best, must have been of the feeblest character; no less than fifty men in the court-house could have testified, namely, that they knew of no such demand. Still, whatever it was worth, the party, within reasonable limits, had a right to introduce even negative evidence.

But even if the *Iles* note be excluded, then taking the other matters of set-off at such estimates as the jury were at liberty from the evidence to place upon them, and the verdict is still substantially sustained. In such cases the judgment will not be reversed. *Parker* v. *The State*, 8 Blackf. 292.

The note in suit was primarily payable in *Beasley's* work. The only remaining question is, whether, since the mill-race was not completed, *Persons* was liable for the value of what had been done by *Beasley*. It has been often held by this Court, that he who is benefited by the labor or property of another must answer for it on an implied assumpsit. 7 Blackf. 599. In *Coe* v. *Smith*, administrator, 4 Ind. R. 79, the authorities were collected and reviewed. There is a case in the *Massachusetts* reports very similar in many respects to this. *Fuller* agreed to work for *Brown*, and give him four weeks' notice before quitting his employ. He rendered valuable services, and left without notice, in consequence of sickness. It was held that *Fuller* was entitled to a reasonable compensation for the services he had rendered. *Fuller* v. *Brown*, 11 Metc. 440.

The case in 21 Verm. 301, to which counsel for *Persons* have referred us, is in conflict with the repeated adjudications of this Court, and with the numerous authorities cited to sustain them. We think the law clearly with *McKibben*.

May Term, 1854.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. P. Usher*, for the plaintiff.

*S. B. Gookins*, for the defendant.