JAMES B. FISKE & *al. versus* SAMUEL L. HOLMES & *al.* AND
D. R. STOCKWELL, *Trustee.*

The absence of previous or contemporaneous assent to a transaction, renders its ultimate validity contingent, it being doubtful whether the necessary ratification will ever be given.

*It follows* that a subsequent assent does not relate back so as to prejudice a party, whose conduct has been guided by the transaction as it actually occurred.

Still less will a party be injuriously affected by a subsequent assent to, or affirmation of an act, if the party assenting or affirming had, when the act was first communicated, disaffirmed and repudiated it.

Whether the payment of a debt, after it has been put in suit, must be specially pleaded in bar to the further maintenance of the action, *quære.*

ON EXCEPTIONS from *Nisi Prius,* CUTTING, J., presiding.

ASSUMPSIT on an account annexed to the writ, which bears date April 12th, 1854.

To prove their account the plaintiffs produce their book accounts supported by the suppletory oath of Fiske. The amount charged against the defendants, and all the plaintiffs claimed of them, was $19,65, and this was posted upon the plaintiffs'

leger into a private account which plaintiffs had against one of the defendants, George M. Estabrooks, by mistake of the clerk of plaintiffs. There was about $70, in all, charged against said Estabrooks, of which this $19,65 formed the last two items, dated in Aug. 1853, to wit, —

1853, Aug. 16, To 99½ lbs. spun-yarn, 14½, $14,43

"     "   24, To 36 lbs.        "     14½, $5,22 — $19,65.

There was a credit on said leger, dated March 31st, 1855, of $37,10, to said Estabrooks in his private account.

The defendants claimed that this $37,10, which plaintiffs received, was company funds, and should be applied to pay the company debt of $19,65, and not the private debt of George M. Estabrooks; and that, if it were so applied, the plaintiffs' demand in suit was more than paid, and the verdict should be for the defendants.

The plaintiffs admitted that the amount of said credit was received from one Davis R. Stockwell, the trustee, who, being introduced by the defendants, testified that he had dealings with the defendants as partners, to the amount of about $600, and that, on closing up their business, there was due the defendants $37,10, which he paid to the plaintiffs by their request, and with the understanding that it was to be re-paid to him by the plaintiffs if he should be obliged to pay it over to Holmes and Estabrooks; that he had a conversation with Estabrooks after he had paid the $37,10 to plaintiffs. In that conversation, witness told Estabrooks that he had paid said sum to plaintiffs, and Estabrooks replied, that it belonged to him, and he wanted to use his money to suit himself. Neither of the defendants had called upon him for the money since that time. He was soon afterwards summoned as trustee of said Holmes and Estabrooks in the suit of one Charles Fiske against them, and, on a full disclosure of all the facts, he was discharged by the Court; and a short time after he was again summoned as trustee of said Holmes and Estabrooks in this suit.

On the trial of this case, defendants expressly assented to the payment of said $37,10, as made by Stockwell to plain-

Fiske *v.* Holmes.

tiffs, and made said payment their sole ground of defence to the plaintiffs' suit, and claimed that they had always acquiesced in said payment since the conversation testified to.

The Court instructed the jury to find whether, from the facts in the case, there was any assent to said payment made by the defendants before the commencement of this suit, and that any assent or acquiescence made by defendants after the action was brought could not avail them as a defence.

The defendants further claimed, that if the plaintiffs had actually received the amount of their bill against the defendants, from any source whatever, though subject to a condition, they could not maintain their action; that their debt was paid. On this point, the Judge instructed the jury, that the payment must come from the defendants, or have been made by their direction or subsequent assent, previous to the date of this writ; that it was a rule of law, that one man could not voluntarily pay another's debt, and thereby discharge himself from his legal obligation to his creditor, without such creditor's consent, or subsequent ratification.

Verdict for plaintiffs.

To the above instructions the defendants excepted, and the exceptions were allowed.

*W. C. Crosby,* for plaintiffs.

*E. C. Brett,* for defendants.

APPLETON, J.—It seems that Davis R. Stockwell, having funds of these defendants in his hands, without their knowledge, at the instance of the plaintiffs, paid the same to them, with the understanding that they were to repay the same to him in the event of his being called on by the defendants therefor. The plaintiffs passed the amount received to the credit of Estabrooks, one of the defendants, against whom they had a bill individually. When the fact of the payment was communicated to Estabrooks, he expressed dissatisfaction with what had been done, and claimed the money paid as belonging to him.

As Stockwell made this payment to the plaintiffs in his own

wrong, he still remained liable to the defendants for the amount of their funds in his hands. To constitute this a valid payment by him, his acts must have been previously authorized or subsequently approved. The payment, too, was conditional and Stockwell retained the right of reclamation.

The defendants might at any time recall these funds from the hands of Stockwell. If this were done, the plaintiffs, by the very terms on which they received them, would be liable over to Stockwell. The payment having been upon condition, and made by one unauthorized, and not having been sanctioned or approved before the date of the plaintiffs' writ, this action must be regarded as having been rightly commenced.

Upon the trial of the action, the defendants expressly assented to the payment by Stockwell and relied upon the same as their only defence.

It is now claimed that this affirmance shall act retrospectively, and not merely defeat an action rightly commenced, but deprive the plaintiffs of their costs and impose upon them those of the defendants.

But such is not the law. No maxim is better settled than the maxim *omnis ratihabitio retrotrahitur et mandato priori æquiparatur.* But as the absence of previous or contemporaneous assent renders the ultimate validity of a transaction contingent, it being doubtful whether the necessary ratification will ever be given or not; it necessarily follows that the subsequent assent does not relate back so as to prejudice a party whose conduct has been guided by the transaction as it actually occurred. Still less shall a party be injuriously affected by a subsequent assent to, or affirmation of, an act, if the party assenting or affirming had, when the act, which is in dispute, was first communicated, disaffirmed and repudiated the same.

If the defendants assent to the payment as one made in their behalf, it cannot operate retroactively and thus defeat the present action. As other rights have intervened, it cannot be regarded as effective, to the injury of the plaintiffs, be-

fore it was given. The defendants might have affirmed the payment at any moment had they so chosen, and, not so doing, they are equitably liable to the costs which have arisen.

If the payment is to be regarded as made when the act of Stockwell was affirmed, it would be a payment after the commencement of the suit, and, according to many authorities entitled to the highest consideration, could not be given in evidence under the general issue, but must be pleaded in bar of the further maintenance of the suit. "It would be unjust," says RICHARDSON, C. J., in *Bank* v. *Brackett*, 4 N. H. 557, "that a plaintiff, who had rightfully commenced a suit for a just cause, be barred by matter arising after the commencement of the action, and subjected to pay all the costs from the beginning. To prevent this injustice, the law compels a defendant to plead matter arising after the commencement of the action in a particular manner, that the Court may be enabled to settle the question of costs on just principles." In *Corbett* v. *Swinbourn*, 8 Add. & Ell. 673, it was held that payment after the commencement of the suit, and acceptance thereof by the plaintiff, is to be pleaded in bar of its further maintenance.

But we do not intend to decide whether a payment thus made should be specially pleaded or not, as it is not necessary for the determination of this cause.

The defendants claimed that the payment made by Stockwell, if subsequently assented to, was a bar to this suit. The presiding Judge instructed the jury otherwise, and correctly. The effect of a payment after the commencement of a suit was not presented to the Court for their consideration.

The instructions requested were rightfully withheld, and those given were in accordance with the legal rights of the parties. *Exceptions overruled;—Judgment on the verdict.*

TENNEY, C. J., and HATHAWAY, MAY, and GOODENOW, J. J., concurred.

RICE, J., did not sit.