## GRAHAM *v.* WILLIAMS *et al.*

1. Generally ratification relates back to the act ratified, but not so as to affect the intervening rights of third persons.
2. If a party has a complete defense to an action at the time suit is brought, he can not be deprived thereof by a third party ratifying a deed which at the commencement of the suit was without binding force for want of such ratification.

Submitted January 11, — Decided February 6, 1902.

Equitable petition. Before Judge Bennet. Appling superior court. March 5, 1901.

*E. D. Graham*, for plaintiff.

SIMMONS, C. J. An equitable petition was filed by Graham against Williams and others. It alleged that he had title to a certain lot of land in Appling county, and that the defendants, claim-

ing the land under some pretended title which they had failed to record, had entered upon the land and committed trespass by cutting timber and boxing the trees for turpentine. The petition set out a chain of title, and alleged that the plaintiff and defendants claimed under a named common grantor. The defendants admitted that they claimed under the common grantor named in the petition, and alleged that they had title to the land. The petition alleged that the plaintiff's immediate grantor was one Einstein, who conveyed the land to plaintiff in 1892. The plaintiff prayed for an injunction to restrain the defendants from committing any further trespass, for a cancellation of the defendants' deeds, and for damages for the trespass. At the trial of the case he introduced in evidence deeds commencing with that from the common grantor, and closed his evidence with a deed purporting to have been made by an attorney in fact of Einstein, plaintiff's immediate grantor, and a deed from Einstein himself to the plaintiff, made and executed after the commencement of the suit. In this last deed Einstein, after reciting in substance that the power of attorney given his attorney in fact was not sufficiently comprehensive in its terms to authorize the attorney in fact to sell and convey this tract of land, fully ratified and confirmed the deed made by the said attorney and conveyed the land to Graham. The record does not disclose that Graham was or ever had been in possession of the land. At the close of the plaintiff's evidence the court, on motion, granted a nonsuit upon the ground that the evidence showed that at the commencement of the action by the plaintiff he did not have sufficient title to authorize a recovery. Graham excepted and brought the case here for review.

1. Under the above facts, the sole question to be determined is whether the deed of ratification made by Einstein after the commencement of the suit related back to the execution of the deed by the attorney in fact, so as to authorize the plaintiff to recover against the defendants. It was contended in the brief of counsel for the plaintiff in error that the ratification by Einstein of the act of his agent related back to the time of the execution and delivery of the agent's deed to the plaintiff, although the power of attorney given the agent did not authorize him to convey this land. There is no doubt that the contention of the plaintiff's counsel embodies a rule which is generally true. Generally the ratification of an unauthor-

ized act by an agent relates back and becomes the act of the principal as of the time when the unauthorized act was performed. While this is generally true, there is an exception to the rule, which is, that such a ratification does not so relate back as to affect the rights of other parties which have intervened and accrued between the time of the unauthorized act and that of the ratification. Mechem, Agency, § 168; Story, Agency (9th ed.), § 245; Wharton, Agency, § 77; *Evans* v. *Coleman*, 101 *Ga.* 152. These authorities and the decisions which they cite all hold that when rights of third parties have intervened between the unauthorized act and its ratification, the latter does not relate back so as to affect those rights. If such were not the rule, Einstein might have conveyed this land to a third person subsequently to the unauthorized deed by his agent, and thereafter, by ratifying and confirming the agent's act, defeated the rights of the person to whom he had himself conveyed the land.

2. Having established that there is an exception of this nature to the general rule, it remains only to determine whether the defendants had in the present case acquired such rights as would come within the exception. In the first place, it is a well-established rule that a plaintiff must recover upon facts as they existed at the time of the commencement of the action. Those facts constitute his cause of action. If new and additional facts arise after the commencement of the suit, he can not rely upon them as ground for a recovery. If the facts upon which his suit is predicated are insufficient to authorize a recovery by him, the defendants have a legal right to ask the court for a nonsuit, and, under the law, the court would be compelled to grant it. In the present case the plaintiff virtually admitted, by putting in evidence the deed of ratification, that his title was not sufficient, at the time suit was brought, to have sustained a recovery; for the deed of ratification states, in substance, that the power of attorney made by Einstein to his agent was not broad enough to authorize the agent to convey the land. The defendants had the right, under the facts as they stood at the time suit was commenced, to have a nonsuit. They had the right to have the case tried upon the facts as they existed at the time of the commencement of the suit. The plaintiff had no right to interject what might be called a new party, Einstein, and a new title originating after the commencement of the suit. In the

case of Wittenbrock v. Bellmer, 57 Cal. 12, it appeared that the president of a building and loan association had, without authority, transferred a note and mortgage to Wittenbrock, who commenced proceedings to foreclose the mortgage.   After the action had been pending for several months, the trustees of the association ratified the previous action of its president in the premises.   The court said: "We are unable to discover any principle upon which the defendant's rights could be affected by such ratification.   Conceding that at the date of the commencement of the action the plaintiff had no cause of action, it does not seem to us that he could maintain the action upon a cause of action subsequently acquired against the defendant.   The case was at issue, and if it had been tried at any time prior to the date of the ratification, the judgment must have been for the defendant.   Could a stranger to the action step in at any time before the trial and deprive the defendant of that right by placing in the hands of his adversary an instrument upon which he might have maintained an action ? or one which he alleged that he had, but in fact did not have, when he commenced action ? Clearly, not.   If a party has no cause of action at the time of the institution of his action, he can not maintain it by filing a supplemental complaint founded upon matters which have subsequently occurred."   Similar rulings were made by the same court in Taylor v. Robinson, 14 Cal. 396, and McCracken v. San Francisco, 16 Cal. 624.   In 61 Am. Dec. 88, Mr. Freeman, in his notes to Persons v. McKibben, 5 Ind. 261, in which the ruling was contrary to that made in Wittenbrock v. Bellmer, cites the latter case and says that "the ruling of the California case . . is the better decision." The same view of the law was taken by the Supreme Court of the United States in Parmelee v. Simpson, 5 Wall. 86, and in Cook v. Tullis, 18 Wall. 338.   In the latter case Wittenbrock v. Bellmer is cited with approval.   In the notes to Atlee v. Bartholomew, 5 Am. St. Rep. 103, 114, it was said: "As a general rule, if a party has a complete cause of action or defense when a suit is commenced, he can not be deprived thereof, pendente lite, by his adversary, or some other party, ratifying some act or contract which at the commencement of the action was without any binding force for want of such ratification."   See also Pollock v. Cohen, 32 Ohio St. 514; Fiske v. Holmes, 41 Me. 441; Wood v. McCain, 7 Ala. 806, 42 Am. Dec. 612.

Having shown that ratification does not so relate back as to affect the intervening rights of third persons, and that these defendants acquired rights before the ratification pendente lite, we are of opinion that the judge did not err in granting a nonsuit.

*Judgment affirmed.     All the Justices concurring.*