# EQUITABLE BUILDING & LOAN ASSOCIATION *v.* BRADY.

No. 8560.   JUNE 16, 1932.

*Lawton & Cunningham* and *Oliver & Oliver,* for plaintiff in error.
*Julian Hartridge, J. E. Manucy Jr.,* and *John E. Schwarz,* contra.

HILL, J. 1. There was no error in sustaining demurrers to the answer as amended. On the trial of the case the allegations of the petition were sustained by the evidence.

2. The plaintiff in error filed a motion for new trial on the general grounds, and on numerous special grounds, excepting to certain excerpts from the charge of the court to the jury, to refusals to charge, and to rulings disallowing certain evidence offered by the plaintiff in error. The record on these grounds is quite voluminous, but they have been examined and found to contain no error requiring a reversal of the judgment refusing a new trial.

3. A number of grounds of the motion for new trial contain excerpts from the charge of the court relative to the law of agency, and exceptions thereto were taken on the ground that the charges were erroneous because the agents who sold the stock of the defendant company to the plaintiff were not general agents. The evidence fully authorized the jury to find that those persons were agents of the defendant. The charges complained of were taken from certain sections of the Code of 1910, which are set out in the following paragraphs. The principles so charged were applicable to the facts of the case, and were not erroneous for any reason assigned.

4. The principal is bound by all representations made by his

agent in the business of his agency, and also by his willful conceal-
ment of material facts, although they are unknown to the principal,
and known only by the agent. Civil Code (1910), § 3598.

5. The principal is bound for the care, diligence, and fidelity of
his agent in his business, and hence he is bound for the neglect and
fraud of his agent in the transaction of such business. Civil Code
(1910), § 3601; *Schofield Rolling Mill Co.* v. *State,* 54 *Ga.* 635, 639.

(*a*) "An aggregate corporation can only act through and by
agents. It deals with the world through its agents; it can deal in
no other way.

(*b*) "Such corporation can commit and does commit frauds; if
so, it commits frauds through the agent, for it can commit it in
no other way.

(*c*) "It is therefore bound by the fraudulent conduct of its
agents engaged in its business and on that line of the business where
it puts such agent to work. All deceit, misrepresentation, falsehood,
in the course of the business, whereby anybody is cheated, the cor-
poration is responsible for." *Schofield Rolling Mill Co.* v. *State,*
supra. And see *Loyless* v. *Hesse Envelope &c. Co.,* 10 *Ga. App.* 660
(74 S. E. 90).

6. A contract may be rescinded at the instance of the party de-
frauded; but in order to [have?] the rescission he must promptly,
upon discovery of the fraud, restore or offer to restore to the other
whatever he has received by virtue of the contract, if it be of any
value. Civil Code (1910), § 4305. And see, in this connection,
§§ 4114, 4409, 4410, 4621, 4622, 4623.

7. A ratification by the principal relates back to the act rati-
fied, and takes effect as if originally authorized. A ratification may
be express, or implied from the acts or silence of the principal. A
ratification once made can not be revoked. § 3591.

8. The principal is bound by the acts of his agent within the
scope of his authority; if the agent exceeds his authority, the prin-
cipal can not ratify in part and repudiate in part; he must adopt
either the whole or none. § 3593.

9. The relation of principal and agent arises whenever one per-
son, expressly or by implication, authorizes another to act for him,
or subsequently ratifies the acts of another in his behalf. Civil Code
(1910), § 3569. And see, in this connection, *Felton* v. *Highlands*

*Hotel Co., 165 Ga.* 598, 619 (141 S. E. 793, 57 A. L. R. 987) ; *Cohron* v. *Woodland Hills Co., 164 Ga.* 581, 586 (139 S. E. 56).

10.   The court did not err in refusing a new trial.

*Judgment affirmed. Russell, C. J., Beck, P. J., and Atkinson and Gilbert, JJ., concur.*