## 22753. Edge v. Alertox Incorporated.

Stephens, J. 1. A notation printed in the margin of a subscription blank for the purchase of corporate stock furnished by the corporation that "the company is not responsible for statements or representations other than those contained in its printed literature," is not part of the contract. *Augusta Factory* v. *Mente,* 132 *Ga.* 503 (64 S. E. 553); Menz Lumber Co. v. McNeeley, 58 Wash. 223 (108 Pac. 621, 28 L. R. A. (N. S.) 1007); Sturtevant Co. *v.* Fireproof Film Co., 216 N. Y. 199 (110 N. E. 440, L. R. A. 1916D, 1069). It is but notice of a self-imposed limitation upon the corporation's liability in tort, and is not binding upon persons contracting with the corporation for the purchase of stock and executing subscription contracts on a blank furnished by the company containing this notation.

2. Statements and representations in parol made by an agent of one of the parties to a contract, which are offered for the purpose of showing that they were falsely and fraudulently made for the purpose of procuring the execution of the contract, and that therefore no valid contract is in existence, are not subject to the objection that they are matters in parol in contradiction to the terms of a written instrument. *Barrie* v. *Miller*, .104 *Ga.* 312 (30 S. E. 840, 69 Am. St. R. 171); *Elgin Jewelry Co.* v. *Estes*, 122 *Ga.* 807 (50 S. E. 939); *State Historical Asso.* v. *Silverman*, 6 *Ga. App.* 560 (65 S. E. 293); *Loyless* v. *Hess Envelope Co.*, 10 *Ga. App.* 660 (74 S. E. 90).

3. Where a corporation employs an agent to sell its corporate stock, it "is bound for the neglect and fraud of [the agent] in the transaction of such business." Civil Code (1910), § 3601; *Scofield Rolling-Mill Co.* v. *State*, 54 *Ga.* 635; *Georgia Military Academy* v. *Estill*, 77 *Ga.* 409; *Holt* v. *Gloer*, 44 *Ga. App.* 685 (2) (162 S. E. 663); *Equitable Building & Loan Asso.* v. *Brady*, 175 *Ga.* 43 (3) (164 S. E. 674); Arnold *v.* National &c. Co., 20 Fed. (2d) 364.

4. Fraud voids all contracts. Civil Code (1910), § 4254. Statements and representations made by an agent of a corporation to a prospective purchaser of its corporate stock, for the purpose of inducing the purchaser to buy the stock, which the purchaser believed to be true, and which induced him to execute a contract to buy the stock, and which the corporation, knowing them to be false, had instructed its agent to make, constituted fraud voiding the contract, where the statements and representations were that for a certain period of time immediately preceding the date of the execution of the contract the sale of the product which the corporation manufactured had increased considerably, that the corporation was being financially backed by another corporation, that there was on the board of directors of the corporation a vice-president of another corporation, and that the president of the corporation had himself personally invested a large amount in cash in the corporation.

5. In a suit by the corporation to recover an alleged balance due upon a subscription to its corporate stock, where the stock had never been delivered, and where the defendant pleaded that he was induced by fraud as above set out to execute the contract, and that after discovering the fraud he discontinued further payments upon his stock subscription, it was error for the court to exclude testimony offered to establish the allegations in the defendant's plea of fraud.

6. The court having rejected evidence offered, and a verdict having been found for the plaintiff, the court erred in overruling the defendant's motion for a new trial, and the judge of the superior court erred in not sustaining the certiorari.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 20, 1933. REHEARING DENIED SEPTEMBER 27, 1933.

*Thomas M. Stubbs, McDaniel, Neely & Marshall,* for plaintiff in error.

*Haas & Gambrell, R. Emerson Gardner,* contra.