24484. COX et al. v. BAILEY.

DECIDED APRIL 3, 1935. REHEARING DENIED JUNE 20, 1935.

*Haas, Gambrell & Gardner,* for plaintiffs.
*Thomas M. Stubbs, Neely, Marshall & Greene,* for defendant.

GUERRY, J. On February 18, 1931, Alertox Inc. brought suit against J. O. Bailey to recover on a certain stock-subscription contract signed by J. O. Bailey, whereby he agreed to purchase a named number of shares of stock in the plaintiff company. A plea of fraud was filed, alleging that such stock subscriptions were procured by fraudulent misrepresentations of the duly authorized agent of the plaintiff selling the same. A similar suit was filed against H. F. Edge at the same time, and by agreement of counsel it was stipulated that one case would be tried and the decision therein should control. The case against Edge was tried, and certain testimony offered by the defendant was excluded by the court, and the trial resulted in a verdict for the plaintiff. The judgment in that case was reversed by this court because of the exclusion of the testimony with reference to fraud used in the procurement of the contract. *Edge* v. *Alertox Inc.,* 47 *Ga. App.* 598 (171 S. E. 181). When the *Edge* case was returned to the trial court from

the Court of Appeals, the present case was tried by agreement of counsel, in lieu of that case. During the pendency of these cases (February 25, 1932) Alertox Inc. was adjudicated a bankrupt, and these stock subscriptions were sold by the trustee, under proper order of the bankrupt court, and W. B. Cox became the purchaser and transferee of the same, and was made a party plaintiff in the suit. In the transfer the stock subscription of J. O. Bailey was referred to as "balances due reduced to judgment." The defense of fraud was relied upon in the suit proceeding in the name of Cox, as in the case of Alertox Inc. A verdict was found in favor of the defendant. The plaintiffs in error contend that the subscriber to capital stock of a corporation may not avail himself of the defense of fraud in the procurement of the subscription after the bankruptcy of the corporation and the sale of its entire assets for an amount sufficient to pay creditors only 5% of their indebtedness.

The case of *Cosmopolitan Life Ins. Co.* v. *Sheats,* 20 *Ga. App.* 622 (93 S. E. 507) is cited in support of this position. The decision in that case is but a restatement of the well-settled principle stated in *Gress* v. *Knight,* 135 *Ga.* 60 (2) (68 S. E. 834, 31 L. R. A. (N. S.) 900) : "If a person subscribes for stock in a corporation, and thereupon the company proceeds to do business upon the basis of the stock subscribed, and incurs indebtedness, the subscriber can not, *after insolvency of the company and the appointment of a receiver* (italics ours), obtain relief on the ground of fraudulent representations of the agents of the company in securing his subscription, as against creditors thus obtaining rights, or a receiver representing them." In the *Cosmopolitan Life Ins. Co.* case, supra, this language is used: "All of the foregoing proceedings [the appointment of a receiver, etc.] were had *before the defendant had made any effort to rescind his stock subscription* [italics ours], but while it remained apparently in full force and effect, and no such effort was made by the defendant until after the assets of the old company had passed into the hands of the insurance commissioner under his suit for liquidation." The present action was begun long before the plaintiff was adjudicated a bankrupt and its assets placed in the hands of a trustee, who sold them to Cox. The defendant had already interposed his defense of fraud in the procurement of the subscription, and the trustee took the

assets charged with this notice and Cox took under the trustee. In *Wadley* v. *Jones,* 55 *Ga.* 329, it was said: "When there is no cause of action at the commencement of suit, there can be no recovery, although one accrue respecting the same subject-matter while the suit is pending." *Mason* v. *Atlanta Fire Co.,* 70 *Ga.* 608 (48 Am. R. 585) ; *Baker* v. *Tillman,* 84 *Ga.* 402 (11 S. E. 355) ; *Graham* v. *Williams,* 114 *Ga.* 716 (40 S. E. 790) ; *Deal* v. *Sammons,* 126 *Ga.* 431 (55 S. E. 170, 7 Ann. Cas. 1124) ; *Elmore* v. *Thaggard,* 130 *Ga.* 701 (61 S. E. 726) ; *Crosby* v. *Georgia Realty Co.,* 138 *Ga.* 746 (76 S. E. 38; *Southern Mfg. Co.* v. *Moss Mfg. Co.,* 13 *Ga. App.* 847 (81 S. E. 263) ; *Bank of Brooklet* v. *Motor Liens Inc.,* 164 *Ga.* 314 (138 S. E. 582). A subscriber for stock who has refused to pay therefor and has, in a suit instituted against him by the corporation, filed his defense of fraud by misrepresentations in the procuring of the stock subscription does not lose his right to continue to interpose the same defense in the same suit because during the pendency of the suit a receiver or trustee is appointed and the assignee of such receiver or trustee is made a party plaintiff.

The evidence supports the verdict and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*