37090.   McDONALD *v.* BRYSON.

DECIDED APRIL 15, 1958.

*Troy G. Morrow*, for plaintiff in error.

*Joseph M. Rogers*, contra.

GARDNER, Presiding Judge. The suit was filed on April 20, 1957. It will be noted that the assignment by Atlantic Insurance, Inc., was made more than three months later, i.e., July 17, 1957. It is the defendant's contention that since at the time the plaintiff filed the suit, he had no title to the chose in action, the suit was not maintainable as a matter of law. Counsel call our attention to *Hoxie* v. *Americus Automobile Co.*, 73 *Ga. App.* 686, 688 (37 S. E. 2d 808) wherein this court said: "Where it appeared from the allegations of the petition that the title to the chose in action sued on was not in the plaintiff at the time of the filing of the suit, but was in another, or the plaintiff's assignee, the suit could not be maintained by the plaintiff, and the demurrer to the petition, upon the ground that it appeared therefrom that the plaintiff had no title to the chose in action, was properly sustained." Counsel for the defendant call our attention also to *Barron* v. *Walker*, 80 *Ga.* 121 (1) (7 S. E. 272) wherein the Supreme Court said: "In an action upon account, the bill of particulars as well as the declaration representing an account arising between plaintiff and defendant, the declaration is not amendable by alleging that the plaintiff sues as transferee of a third person. An account arising between such third person and the defendant is a different cause of action from that declared upon."

Counsel for the defendant call our attention to *Franklin Life Ins. Co.* v. *Boykin*, 10 *Ga. App.* 345 (73 S. E. 545). In that case the insured held the policy and was attempting to evade payment of the premium while holding the policy. Also, in that case there was no question regarding assignment after the filing of a suit, as appears in the instant case. Counsel call our attention also to *Clay* v. *Howington*, 74 *Ga. App.* 794 (1)

(41 S. E. 2d 571). In that case the plaintiff alleged that he, as a broker, procured the insurance on his own credit and paid the insurance company for the policies in accordance with his usual method known to the defendant. The petition here, while it alleges in effect that the plaintiff procured the insurance on his own credit and was liable for the payment of the premium, further alleges contradictory facts by alleging that after the suit was brought the cause of action was assigned to him. Construing the petition against the pleader, it must be held that this assignment shows that title to the chose in action was in the assignor and not in the plaintiff up to the date of the transfer, which was after the suit was filed. That a plaintiff may recover only upon facts as they existed at the time of commencement of the action, and that reliance upon a subsequent transfer of title is a virtual concession that the title claimed at the commencement of the action was not sufficient, see *Graham* v. *Williams*, 114 *Ga.* 716, 718 (2) (40 S. E. 790).

The court did not err in sustaining the general demurrer to the petition as amended and dismissing the suit.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*