## 53660. RYDER TRUCK RENTAL, INC. v. INSURANCE COMPANY OF NORTH AMERICA.

McMURRAY, Judge.

Joseph and Anna Urban brought their separate suits against the Borden Company, Herndon Kendrick (an employee of the Borden Company) and Ryder Truck Rental, Inc. early in April, 1967, as a result of a motor vehicle collision between their automobile and a diesel tractor owned by Ryder, leased to the Borden Company, with a Borden trailer attached, and being driven by Kendrick. The lease contract between Ryder and Borden stated that Ryder provided certain automobile liability insurance covering Borden's use of the leased tractor against certain risks and hazards unless the renter (Borden) agreed to furnish liability insurance coverage. Borden did not agree to furnish this coverage. The insurance provided pursuant to this requirement in the tractor lease was provided by a policy with Liberty Mutual Insurance Company.

Verdicts were returned against Kendrick and the Borden Company in favor of Joseph Urban for $18,000 and in favor of Anna Urban for $5,000. However, no judgment was returned against Ryder.

These verdicts were settled in late 1967 or early 1968 for a total payment by Ryder of $20,700, plus $111.95 in court costs. Defense of the litigation instituted by the Urbans had been requested of Insurance Company of North America, insurer of Borden, but it denied liability. Demand for contribution toward settlement was then made by Ryder. This demand was refused by Insurance

Company of North America.

Ryder sued Insurance Company of North America in December, 1973, seeking contribution, contending there was duplicate coverage as to the loss. The case was submitted to the court for trial upon a stipulation of facts. The court ruled in favor of Insurance Company of North America, and Ryder appeals. *Held:*

By the terms of the tractor lease agreement between Borden and Ryder the terms of the automobile liability insurance obtained by Ryder and which covered Borden's use of the tractor were incorporated by reference into the lease agreement. Among the provisions of that insurance policy with Liberty Mutual Insurance Company was a special deductible endorsement which provided that the payments under that insurance policy be subject to a $25,000 deductible.

Ryder contends that by the terms of the lease agreement and insurance policy when taken together it was required to pay the amount of this claim which was less than $25,000. This contention is without merit, however, for in examining these documents we find that the lease provides that Ryder will supply an insurance policy which is incorporated by reference, and this insurance policy contains a $25,000 deductible clause. The collision with the Urbans involving damages of less than $25,000 fell within the deductible clause of the insurance provided by Ryder. No judgment was returned against Ryder, and yet it "settled" the case for $20,811.95 including court costs. We find nothing to support any contention that Ryder was liable for the amount of the Urban verdict against Borden and Kendrick. Therefore, Ryder's payments were voluntary and no right to subrogation exists. *Hill v. Shaw,* 62 Ga. App. 757 (1) (9 SE2d 850); *Cloud v. Bagwell,* 83 Ga. App. 769 (1b), 773 (64 SE2d 921); *Snyder v. Elkan,* 187 Ga. 164, 173 (2) (199 SE 891).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED APRIL 4, 1977 — DECIDED MAY 26, 1977.

*James Walker Harper,* for appellant.
*Long, Weinberg, Ansley & Wheeler, George H. Connell, Jr.,* for appellee.