A89A1913. INSURANCE COMPANY OF NORTH AMERICA v. KYLA, INC. et al.
(388 SE2d 530)

DEEN, Presiding Judge.

Insurance Services of Georgia (ISG) procured liability insurance from Insurance Company of North America (INA) on August 15, 1983, for Kyla, Inc. Approximately one year later, a personal injury lawsuit was filed against Kyla in the amount of $750,000. It was later amended to claim $15,000,000 in damages. INA defended Kyla in the lawsuit, and a dispute arose between the parties as to the limit of liability coverage afforded by Kyla's policy of insurance with INA. ISG claimed that Kyla had $1,000,000 worth of coverage, but INA contended that the policy provided a $500,000 single limit of liability coverage.

In October of 1985, INA filed a complaint seeking declaratory judgment in the Superior Court of Fulton County although it was defending the suit which had been filed against Kyla in the Tenth Judicial Circuit of Alabama. Before the court ruled upon the complaint for declaratory judgment which contended that Kyla's insurance coverage was limited to $500,000, INA settled the lawsuit for $600,000. Nearly two years after the complaint for declaratory judgment was filed, INA obtained an assignment from Kyla of any claims that it had against ISG for its failure to provide coverage in the amount of $1,000,000.

In October of 1988, in ruling upon INA's complaint for declaratory judgment, the court held that the policies INA issued to Kyla had a $500,000 single limit of liability and that the premium was based on that limit, and that the $100,000 overpayment which INA made in settlement of a lawsuit on behalf of Kyla was a voluntary payment made without any legal obligation or compulsion. The court further held that INA could not recover the overpayment from either Kyla or ISG, and that the agreement between Kyla and INA not to waive any right by settling the lawsuit and not to consider any settle-

ment paid by INA to be a voluntary payment was not binding on ISG.

INA appeals, contending that the court below erred in holding that the $100,000 overpayment by INA constituted a voluntary payment and in permitting ISG to raise it as a defense. *Held*:

In *Ryder Truck Rental v. Ins. Co. of North America*, 142 Ga. App. 408 (236 SE2d 146) (1977), no judgment was returned against appellant, but it settled the case when there was nothing to support a contention of liability. This court found a payment of a judgment by Ryder to be voluntary and denied Ryder's demand for contribution from a codefendant's insurance company as no right of contribution existed. In the instant case, appellant had no legal obligation to pay $100,000 in excess of its policy limits on Kyla's behalf in settlement of the lawsuit. Indeed, it contended that its liability was limited to $500,000.

OCGA § 13-1-13 provides that "[p]ayments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor. . . . Filing a protest at the time of payment does not change [this] rule." The courts in this state have consistently held that this Code section applies both to one who pays money with knowledge of all the facts and to one who pays by mistake without a valid reason for failing to ascertain the truth. *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 401 (349 SE2d 368) (1986). In addition, the party seeking recovery must prove that the payment was not voluntarily made because certain material facts were not known at the time of payment or a valid reason existed for failure to determine the truth. *New York Life Ins. Co. v. Williamson*, 53 Ga. App. 28 (184 SE 755) (1936). We do not find that relief may be granted under the negligence exception set forth in *Gulf Life Ins. Co. v. Folsom*, supra at 402, as there is no allegation that the $100,000 was paid in error. INA always contended that its liability was $500,000 and the superior court agreed.

INA is attempting to recover the excess payment, alleging that it accepted assignment of Kyla's claim against ISG for failure to properly procure insurance coverage for Kyla. In *McDonald v. Bryson*, 97 Ga. App. 466 (103 SE2d 608) (1958), this court held that when title to a chose in action is in the assignor and not in the plaintiff on the date that the lawsuit is filed, the plaintiff may recover only upon the facts as they existed at the time of the commencement of the action, and reliance upon a subsequent transfer of title is a virtual concession that the title claimed at the commencement of the action is not sufficient. In the instant case, application of the above rule would estop

INA from an action against ISG for the overpayment.

Under *Jones v. Ga. Cas. &c. Co.*, 89 Ga. App. 181, 185 (78 SE2d 861) (1953), where the insurer assumes and conducts a defense in an action brought against its insured without disclaiming liability or giving notice that it is reserving its rights, it is precluded from asserting the defense of forfeiture or noncoverage. To avoid application to this rule, INA had to give Kyla timely notice of non-coverage. Notice of reservation of rights given ten and one-half months after taking charge of the defense of the action is not timely. Appellant did not enter upon the defense of the lawsuit with a reservation of rights, give notice of the reservation to Kyla, and seek a declaratory judgment. Instead, the first notice to Kyla with reference to any possible excess exposure was in a letter from one Becky Cooper dated June 13, 1985. It did not seek declaratory judgment for some fifteen months after the lawsuit was filed and then proceeded to settle the lawsuit prior to a ruling upon the declaratory judgment action.

We find no error in the trial court's ruling.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 1, 1989 —
REHEARING DENIED NOVEMBER 16, 1989 — 

*Fortson & White, Williston C. White, Michael J. Rust, Mark E. Colm,* for appellant.

*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes, Norton, Pennington & Goetz, Charles M. Goetz, Jr.,* for appellees.